IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| VIAHART LLC,<br><br>      Plaintiff,<br><br>v.<br><br>SUZHOU EVERICH IMP. & EXP. CO., LTD., d/b/a EVERICH, a Chinese company, and NORTON ZHANG,<br><br>      Defendants. | No. 20-cv-5651 |

## COMPLAINT

Plaintiff Viahart LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendants Suzhou Everich Imp. & Exp. Co., Ltd., d/b/a Everich ("Everich"), a Chinese company, and Norton Zhang ("Mr. Zhang"), a Chinese citizen and the owner of the "Everich" Amazon store. In support thereof, Plaintiff states as follows:

### I.     JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., the Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly target business activities toward Illinois consumers through their operation of fully interactive, commercial Internet store operating on Amazon.com, which offers for sale and sells infringing

products to Illinois residents and publishes infringing text and photographs accessed by Illinois residents. Specifically, both Defendants are involved in the production, listing for sale, sale, and/or shipping of products to Illinois residents that use infringing copies of Plaintiff's trade dress, trademark, and copyrights. Both Defendants have committed and knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat online trademark infringement and copyright infringement by an online store operated by at least one individual based in China, who trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, including children toys, using infringing versions of Plaintiff's trade dress and trademark ("the Infringing Products") by, *inter alia*, using copies of Plaintiff's copyrighted images and text (the "Infringing Material"). The Defendants created an Amazon store to appear to be selling genuine Plaintiff products, while actually using the Infringing Material to sell the Infringing Products to unknowing consumers.

Plaintiff is forced to file this action to combat Defendants' willful infringement of Plaintiff's registered copyrights and trademark, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and will continue to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademarks as a result of Defendants' actions and seek injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff Viahart LLC**

4. Plaintiff is the creator and distributor of the well-known family racquet game with a catchy name: GOODMINTON® . Described as "the world's easiest racquet game" that provides

"fun for all ages,"[1] Plaintiff originally developed, designed, and trademarked the popular gameset that is today sold to customers through the U.S. and in multiple other countries, including Canada, the U.K. the E.U., Japan, and South Korea. Plaintiff has, through much investment, effort, and ingenuity, built the product into an international, million-dollar brand.



5. Over the last decade, Plaintiff's GOODMINTON® gameset has become enormously popular, driven, in part, by Plaintiff's quality standards and innovative design. Among the purchasing public, genuine GOODMINTON® is instantly recognizable so as to symbolize high quality.

6. Plaintiff has generated over a million dollars in sales from its GOODMINTON® product through online stores on the Wal-Mart®, Sears®, and eBay® platforms, as well as through Plaintiff's Amazon store and e-commerce website.

7. Plaintiff incorporates a variety of distinctive marks in the design of its various products to signify to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality and safety standards; further, it is the exclusive owner of several federally-registered trademarks for educational toys and games in Class 018, as well as retail stores services

---

[1] https://www.amazon.com/gp/customer-reviews/R10BSJMS633WWA?ref=pf_vv_at_pdctrvw_srp (last accessed September 22, 2020), Exhibit 1. As explained in more detail below, Defendants have traded off the goodwill of Plaintiff's product and listings. *See* Exhibit 2.

in Class 035 ("the Viahart Trademarks"). These registrations include:

| Registration No. | Marks |
|---|---|
| 5407364 | VIAHART |
| 5370197 | GOODMINTON |

8. The Viahart Trademarks have been used exclusively and continuously by Plaintiff for many years and have never been abandoned. The above U.S. registrations for the Viahart Trademarks are valid, subsisting, and in full force and effect. True and correct copies of the United States Registration Certificates for the Viahart Trademarks are attached hereto as Exhibit 3. The registrations for the Viahart Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the Viahart Trademarks pursuant to 15 U.S.C. § 1057(b).

9. Plaintiff also uses original and copyrighted original works of authorship to market and sell its GOODMINTON® products online, including original photographs (Reg. VA0002207783) and original text (Reg. TXu002201289 and Reg. TXu002201510) registered with the U.S. Copyright Office. *See* Exhibit 4.

10. Plaintiff has expended substantial time, money, and other resources in developing, advertising and quality testing products sold under the Viahart Trademarks. As a result, products bearing the Viahart Trademarks are widely recognized and are associated by consumers and the public as being quality products designed and manufactured by Plaintiff. As such, the goodwill associated with Viahart Trademarks is of incalculable and inestimable value to Plaintiff.

**The Defendants**

11. Defendant SUZHOU EVERICH IMP. & EXP. CO., LTD. d/b/a/ Everich is a company organized in and operating out of the People's Republic of China. This company owns and operates the EVERICH store on located on Amazon Marketplace.

12. Defendant Norton Zhang is a citizen of the People's Republic of China. He owns and operates Defendant SUZHOU EVERICH IMP. & EXP. CO., LTD. and the "Everich" Amazon store.

13. Everich lists for sale a racquet gameset that uses unauthorized copies of Plaintiff's copyrighted photographs, Plaintiff's copyrighted text, Plaintiff's trade dress, and in some instances, Plaintiff's GOODMINTON® mark.

14. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the manufacturing of, online advertising and selling of, and importation and distribution of the racquet toy set that use infringing trade dress and copyrights. Defendant Norton Zhang personally participates in or directs all of Defendant Suzhou Everich Imp. & Exp. Co., Ltd.'s infringing actions.

15. Defendants have targeted Illinois by selling or by knowingly and purposefully advertising, offering for sale, and selling Infringing Products to Illinois consumers via an Amazon store and possibly other online stores and websites.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

16. Defendants sell children's racquet gamesets that copy the GOODMINTON® gamesets in several intentional and unmistakable ways, including (1) using Plaintiff's product trade dress (i.e., using the same bright-color orange and light-color blue for the paddles, the same white letters for the brand name on the top middle of the paddle, and the same color, shape, and size of birdies), (2) using nearly identical copies of Plaintiff's listing photographs, (3) copying Plaintiff's listing text verbatim, (4) using "GOODMINTON" keywords and metatags on its store page, and (5) using Plaintiff's exact same advertising slogans, such calling its game "the easiest paddle game for kids in the world." *See* Exhibit 2.

| Plaintiff's Amazon Listing Photograph: | Defendants' Infringing Listing Photograph: |
|---|---|
| |  |

**Plaintiff's Product Specs:**

Paddle: 33.1 cm x 18.41 cm; 0.7 lbs

Birdies: 11.98 cm (Fast); 13.97 cm (Slow)

**Defendants' Infringing Product Specs:**

Paddle: 33.1 cm x 18.41 cm; 0.7 lbs

Birdies: 11.98 cm (Fast); 13.97 cm (Slow)

**Plaintiff's Description:**

**Defendants' Infringing Description:**

6

17. Defendants facilitate sales by designing their product listings and descriptions on Defendant Internet Stores so that they appear to unknowing consumers to be the source of or otherwise authorized to sell GOODMINTON® gamesets; however, Plaintiff has not licensed or authorized Defendants to use any of the Viahart Trademarks, and none of the Defendants are authorized retailers of genuine GOODMINTON® gamesets.

18. Defendants also deceive unknowing consumers by using the Viahart Trademarks—or confusing variations thereof—without authorization within the content, text, and/or meta tags of their Internet stores in order to attract various search engines crawling the Internet looking for Internet stores relevant to consumer searches for GOODMINTON® gamesets. Finally, Defendants have explicitly held itself out as offering GOODMINTON products:

> Hello Katie,
>
> We are very moved because of your kindness, we also like children very much, we hope that children can grow up happily, so we have designed and produced a series of children's toys, we also are happy you like our product, we are a manufacturer specializing in the production of children's outdoor toys. Because we cannot confirm the authenticity of your message (Amazon has deleted all links you sent, we cannot obtain more information about you), we can sell Goodmition product to you at a low price, in order to show our sincerity, if you have more quantities in the future, you can also leave us your phone number, we can further cooperation, if you want to buy a small batch, we can send another link for your purchase, if you agree with our ideas, please let us know, looking forward to receiving your reply!
>
> Best wishes to you
>
> Best wishes to those lovely children
>
> Report suspicious activity

19. In fact, Defendants' blatant and effective infringement caused the "EVERICH" Amazon store to become the "Amazon Choice® for toy racquet gameset.

20. Upon information and belief, Defendants are connected to Plaintiff's manufacture in China and have received confidential product specs and designs; furthermore, on information and belief, Defendants have manufactured numerous Infringing Products that it sells to other individuals located in China, who then sell those Infringing Products to U.S. consumers through online stores.

21. Upon information and belief, Defendants own and hold no U.S.-based assets besides the U.S.-based Amazon accounts; therefore, Defendants are highly likely transfer all of the funds from their Amazon accounts to off-shore bank accounts outside of the jurisdiction of U.S. Courts and thereafter ignore the lawsuit and deny Plaintiff all means of redress without judicial intervention.

22. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Viahart Trademarks and Viahart Copyrights in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products into the United States and Illinois over the Internet. Defendants' use of the Viahart Trademarks and Viahart Copyrights in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including the sale of the Infringing Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22.

24. The Viahart Trademarks are distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products offered, sold or marketed under the Viahart Trademarks.

25. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Viahart Trademarks without Plaintiff's permission.

26. Plaintiff is the exclusive owners of the Viahart Trademarks. Plaintiff's United States Registrations for the Viahart Trademarks (Exhibits 3) are in full force and effect.

Defendants have knowledge of Plaintiff's rights in the Viahart Trademarks and are willfully infringing and intentionally using counterfeits and infringing versions of the Viahart Trademarks. Defendants' willful, intentional and unauthorized use of the Viahart Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

27. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and to the Viahart Trademarks.

29. The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiff to be sold in connection with the Viahart Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Viahart Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit and Infringing Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Viahart Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff' trademarks, including the Viahart Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Viahart Trademarks;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Viahart Trademarks; and

    c.    take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule "A" from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

(3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Viahart Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Viahart Trademarks;

(5) That Plaintiff be awarded their reasonable attorneys' fees and costs; and

(6) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

30.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. The Viahart Trademarks are inherently distinctive or have otherwise acquired distinctiveness through continuous and substantially exclusive use over the last seven years.

32. Defendants' promotion, marketing, offering for sale, and sale of Infringing Products using the Viahart Trademarks has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

33. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

34. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the associated goodwill of the VIAHART® and GOODMINTON ® brands and trade dress.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiff to be sold in connection with the Viahart Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Viahart Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit and Infringing Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Viahart Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Viahart Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Viahart Trademarks be increased by a sum not exceeding the statutory limit;

(3) Plaintiff's costs and reasonable attorneys' fees;

(4) Both pre-judgment and post-judgment interest; and

(5) Such other and further relief as this Court finds just and equitable.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

35. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Infringing Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine GOODMINTON® gamesets, representing that their products have Plaintiff's authorization when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

37. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

38. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to their reputations and associated goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.    using the Viahart Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or is not authorized by Plaintiff be sold in connection with the Viahart Trademarks;

    b.    passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff that is not Plaintiff or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Viahart Trademarks;

    c.    committing any acts calculated to cause consumers to believe that Defendants' Counterfeit and Infringing Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.    further infringing the Viahart Trademarks and damaging Plaintiff's goodwill; and

    e.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Viahart Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2) Plaintiff's costs and reasonable attorneys' fees pursuant to 815 ILCS § 510/3;

(3) Such other and further relief as this Court finds just and equitable.

## COUNT IV
## **COPYRIGHT INFRINGEMENT**
## **(17 U.S.C. § 101, et seq.,)**

39. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40. Plaintiff is, and at all relevant times has been, the owner of copyrights, as well as the registrations VA0002207783, TXu002201289, and TXu002201510, for certain text and photographs related to its GOODMINTON® gameset. *See* Exhibit 4.

41. Plaintiff has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce, (2) prepare derivative works based on, (3) distribute copies of, and (4) publicly display the Viahart Material.

42. Without Plaintiff's knowledge, permission, or consent, Defendants reproduced, publicly displayed, and made derivative works of the Viahart Material. *See* Exhibit 2.

43. Defendant knew they did not have authorization to reproduce, publicly display, distribute copies of, or create derivative works of the Viahart Material but nonetheless willfully did so anyway.

44. As a direct, actual, and proximate result of Defendants' willful infringement of the Viahart Material, Plaintiff suffered damages, including lost licensing fees and the ability to control the commercialization of the Viahart Material.

45. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its copyrights.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from using or

assisting third parties in reproducing, publicly displaying, distributing, or making or using derivative works of the Viahart Material or any reproductions or colorable imitations thereof pursuant to 17 U.S.C. § 502;

(2) That Defendant destroy all copies of the Viahart Material made by or under the control of Defendant pursuant to 17 U.S.C. § 503;

(3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Viahart Material be increased by a sum not exceeding three times the amount thereof;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2) of $150,000 per infringed work;

(5) That Plaintiff be awarded their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(6) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Date: September 23, 2020

Respectfully submitted,

/s/ DALIAH SAPER
DALIAH SAPER (BAR NO. 6283932)
BRANDON BEYMER
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 350
CHICAGO, ILLINOIS 60654
(312) 527-4100
DS@SAPERLAW.COM