# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VIAHART LLC, | Case No.: 1:20-cv-05651 |
| Plaintiff, | Hon. Thomas M. Durkin |
| | Mag. Judge Maria Valdez |
| v. | |
| SUZHOU EVERICH IMP. & EXP. CO., LTD., d/b/a/ EVERICH, a Chinese company, and NORTON ZHANG, | |
| Defendants. | Action Filed: September 23, 2020 |

**DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

Real party-in-interest Defendants Yomee Toys Co., Ltd ("Yomee") and Norton Gu ("Gu") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for an order granting sanctions against Plaintiff Viahart LLC ("Plaintiff" or "Viahart") and counsel for Plaintiff and issuing an award of attorney's fees and costs incurred by Defendants in bringing the instant motion and concurrently filed motion submitted herewith.

**I.      INTRODUCTION**

On February 18, 2021, judgment was entered by default against named-defendants Suzhou Everich Imp. & Exp. Co., Ltd, d/b/a/ Everich and Norton Zhang.  Unfortunately, neither of these parties have anything to do with this case, nor are they related in any manner to the claims and allegations of infringement that give rise to the instant action.  Instead, it is **Yomee** and **Gu**, not

1

Everich and Zhang, who are the real parties-in-interest here and who should have been named as defendants in this action. Sanctions are warranted and should be issued against Plaintiff and Plaintiff's counsel here, where the evidence of bad-faith conduct is undisputable and has already caused significant harm to Defendants.

Plaintiff and Plaintiff's counsel cannot feign ignorance as to the actual identities of Yomee or Gu, where Plaintiff had actual knowledge of the correct party defendants here and still, for reasons unbeknownst, continued to pursue both a meritless trademark infringement action against completely unrelated and uninvolved parties. Plaintiff is not solely culpable for said acts here, where Plaintiff's counsel was notified of this glaring deficiency in the operative pleadings yet, for reasons also unknown, continued to see this matter to an end. Rather than amend the pleadings and effectuate service of process on the proper parties-in-interest and defendants here (Yomee and Gu), Plaintiff continued to press forward and ultimately obtained a default judgment. Both Plaintiff and Plaintiff's counsel have undoubtedly acted in bad faith. Sanctions are warranted pursuant to Rule 11 of the Federal Rules of Civil Procedure and should be entered against both, along with award of attorney's fees and costs incurred by Defendants in bringing the instant sanctions motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on September 23, 2020. Plaintiff sought entry of a temporary restraining order, which was granted by the Court one day later. (Dkt. 9). On October 7, 2020, Plaintiff filed a Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3), containing a host of boilerplate allegations regarding alleged difficulties it would face in effectuating service upon defendants.

On October 27, 2020, counsel for Yomee and Gu, the actual parties-in-interest with ownership and control over the abovementioned email address where service was purportedly effectuated upon, contacted Plaintiff's counsel informing them of the fact that named defendants in the instant action were improperly named parties. (Chen Decl. ¶ 2, Exh. A).

On October 30, 2020, counsel for Yomee and Gu reached out to Plaintiff's counsel again, requesting that the freeze be lifted on the PayPal account.

On November 1, 2020, Plaintiff's counsel responded, and a call was scheduled to "discuss" the matter between counsel. (Chen Decl. ¶ 3 Exh. B). The next day, on November 2, 2020, counsel for Yomee and Gu spoke via telephone whereby Defendants' counsel further advised Plaintiff's counsel regarding the frivolity of the matter, improperly named defendants, and the otherwise facial defects of the operative pleadings. (Chen Decl. ¶ 4).

On November 25, 2020, Defendants' counsel sent a letter to Plaintiff's counsel, informing them of Defendants' intent to seek sanctions pursuant to Rule 11 in compliance with the safe harbor requirements of the rule. (Chen Decl ¶ 5, Exh. C).

On December 9, 2020, counsel for Plaintiff replied by letter, generally denying any wrongdoing and averring to the fact that the facially defective pleadings would not need to be amended. (Chen Decl ¶ 6, Exh. D).

## III. ARGUMENT

### A. Rule 11 Sanctions are Warranted Where Plaintiff Had Actual Knowledge of The True and Correct Party Defendants, Yet Blatantly Chose to Ignore Such

Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. Fed. R. Civ. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document contains allegations and other factual statements which lack

evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, Fed. R. Civ. P. 11(b)(3). Here, sanctions are warranted where Plaintiff had actual knowledge of who the actual named defendants should have been yet failed to include the actual defendant parties-in-interest, Yomee Toys and Norton Gu. This is not a case of unknown or unfamiliar stores or sellers that have allegedly infringed upon trademarks. Plaintiff has previously conducted business transactions with Yomee and has previously met in person with Gu in China. (Declaration of Norton Gu ¶ 2) ("Gu Decl.").

Rule 11 sanctions are also warranted against Plaintiff's counsel for failing to investigate and conduct basic due diligence prior to filing suit, where it is blatantly obvious that the proper party-in-interest defendants were easily identifiable by virtue of the information displayed on the Amazon Storefront Account at issue here. (Chen Decl. ¶ 7, Exh. E). The clear failure to conduct even the most basic investigation as to the correct party to sue warrants the imposition of sanctions against Plaintiff's counsel.

## B. Sanctions are Warranted for Refusal to Amend Despite Having Actual Knowledge of the Correct Parties

While Plaintiff's failure to include the proper party defendants here could easily have been corrected, the fact that Plaintiff failed to utilize the proper procedures for correcting its mistakes proves its bad-faith intent to proceed against improperly named and unrelated parties. Federal Rule of Civil Procedure Rule 15 provides the requisite process to amend and supplement pleadings, while Rule 21 permits parties to be added or dropped by court order on motion of a party or of the court's own initiative. Fed. R. Civ. P. 15, 21. Here, the record is devoid of any attempts to amend the pleadings filed by Plaintiff and does not indicate whether the proper party defendants were ever actually substituted in to take place of the improperly named defendants. However, the fact that the final judgment does not mention the correct party names is telling.

Though not binding on this Court, the facts involved in a recent and nearly identical case regarding the issuance of sanctions for counsel's failure to reasonably investigate claims prior to suing the wrong parties are helpful in terms of fact pattern alone. In *Roor Int'l BV v. Ullah Bus. Inc.*, Case No.: 2:19-cv-222-FtM-38MRM (M.D. Fla. Aug. 30, 2019), the court-imposed sanctions on plaintiff's counsel for signing and filing an objectively baseless pleading. The court ultimately imposed sanctions against counsel for failing to conduct a reasonable, <u>pre-filing</u> investigation. The court also rejected pleas for leniency given the fact that counsel had taken corrective action to amend after a post-filing investigation. Here, Plaintiff's counsel not only failed to conduct a reasonable pre-filing investigation but <u>did not make any efforts whatsoever to otherwise amend the pleadings or correct its mistake</u> despite having express knowledge post-filing that the wrong defendants had been named.

### C. Pursuit of Meritless Trademark Infringement Claims Warrants Sanctions

A court can impose Rule 11 sanctions "if a lawsuit is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union*, Local 39, 443 F.3d 556, 560-61 (7th Cir. 2006). Here, sanctions are warranted where the trademark infringement claims asserted by Plaintiff are meritless and because Plaintiff had actual knowledge that the claims were meritless. As indicated above, Plaintiff is well-acquainted with Yomee and Gu, as Plaintiff has previously conducted business with them. In fact, Plaintiff purchases its products from Yomee and Gu, including the exact product that it claims infringement of here. Perhaps realizing this, Plaintiff proceeded to fabricate an appearance of infringement by attempting to elicit a response from Defendants that would include the use of Plaintiff's trademark. As the operative pleading indicated, the basis for Plaintiff's claims of trademark infringement and

counterfeiting is derived from, and based solely upon, the fact that Plaintiff submitted a message via the Amazon Storefront Help Page, asking whether Defendants could sell products bearing Plaintiff's trademark to Plaintiff. (Dkt. 1, ¶ 18).

Plaintiff even goes as far as to show that Defendants allegedly and "explicitly held [themselves] as offering GOODMINTON products." (Id.) Defendants have never used the Plaintiff's trademark in connection with the sale of Defendants' own trademarked and branded products. (Gu Decl. ¶ 3). Plaintiff's elicitation of a response on a "help page" on Defendant's Amazon Storefront does not come anywhere close to the trademark infringement or counterfeiting as alleged.

The fact is that Plaintiff purchases the products at issue here directly from Defendants. (Gu Decl. ¶ 4) Plaintiff does not dispute this and even goes as far as including direct evidence of the fact that it purchases the product from Defendants in its own filings submitted to the Court. Even assuming if there was some impropriety on Defendants' behalf (which there is not) here, Plaintiff's claims would not amount to trademark infringement. Rather, Plaintiff would likely be better off by pursuing a breach of contract and/or distributor/wholesellers agreement (though no such contract mandating exclusivity exists). Nonetheless, Defendants Yomee and Gu do not sell any products bearing the "GOODMINTON" marks at issue here except for sales to Plaintiff only.

### D. Misrepresentations to the Court and Failure to Adhere to Mandatory Hague Convention Service of Process Requirements is Sanctionable

In addition to the sanctionable acts above, additional attention must be paid to the method and conduct of Plaintiff throughout the pendency of this action. Especially where Plaintiff has avoided compliance with the well-established rules governing service of process on individuals and corporations that do not reside within the United States.

Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4. Fed. R. Civ. P. 4(b), 4(c)(1). Only proper service vests a district court with personal jurisdiction over a defendant. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Thus, "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

In its motion for electronic service of process, Plaintiff makes multiple false statements and misrepresentations to the Court all to avoid the clear and undisputable service of process requirements under the Hague Convention. This includes Plaintiff's claim that "[e]lectronic service is appropriate and necessary in this case because the Defendants and their offshore Internet Stores, on information and belief: (1) provide incomplete and/or false names and physical address information to conceal their locations and avoid liability for their conduct…" and that "[a]uthorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously." (Dkt. 17, pp. 1-2).

First, the boilerplate language inserted by Plaintiff does not apply. Defendants do not operate any "offshore internet stores" as alleged, yet presumably Plaintiff uses the term "offshore" to elicit a feeling that expedited action is warranted. Second, Plaintiff's claims that authorizing electronic service of process would benefit all parties is comical, as Plaintiff is the only party that stands to benefit from electronic service and an expedited resolution of its meritless claims. Plaintiff goes on with additional boilerplate arguments regarding "offshore Internet store operators" yet ironically fails to mention the fact that Internet store at question involves Amazon, and even worse, does not mention the fact that Plaintiff knows who Defendants actually are.

Plaintiff's feigned inability to effectuate service on Defendants and the claims that it would "almost certainly be left without the ability to pursue a final judgment" are simply false.

### D. Plaintiff is Committing Trademark Extortion

Plaintiff initiated this matter and utilized methods and tactics used in litigation involving actual trademark infringement and counterfeiting. However, this case does not involve any counterfeiting whatsoever and Plaintiff has carried out what should be termed as "trademark extortion." Indeed, Plaintiff's motives for initiating suit are dubious and prior litigation involving Plaintiff and the same mark at issue here are telling.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendants and real parties-in-interest Yomee Toys Co. Ltd. and Norton Gu respectfully request that this Court issue an order sanctioning Plaintiff and awarding attorney's fees and costs incurred by Defendants in bringing the instant motion and motion to set aside default judgment filed concurrently herewith.

Respectfully submitted,

Dated: March 12, 2021                                  **YK LAW LLP**

By:    */s/ Edward Chen*
Edward Chen (CA SBN 312553)
YK Law LLP
125 S. Wacker Drive Suite 300
Chicago, IL 60606
(213) 401-0972
echen@yklaw.us

---

[1] While serving as a defendant in a separate lawsuit involving the "GOODMINTON" mark, Plaintiff is alleged to have "repeatedly threatened to take action against [Funsparks]" for claims involving alleged infringement of said mark. (Chen Decl. ¶ 7)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of March 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By:     */s/ Edward Chen*
       Edward Chen

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VIAHART LLC, | Case No.: 1:20-cv-05651 |
| | Hon. Thomas M. Durkin |
| Plaintiff, | Mag. Judge Maria Valdez |
| | |
| v. | |
| | |
| SUZHOU EVERICH IMP. & EXP. CO., LTD., d/b/a/ EVERICH, a Chinese company, and NORTON ZHANG, | |
| | |
| Defendants. | Action Filed: September 23, 2020 |

**DECLARATION OF EDWARD CHEN IN SUPPORT OF DEFENDANTS' MOTION**
**FOR RULE 11 SANCTIONS**

I, Edward Chen, declare as follows:

1.      I am a Senior Counsel with YK Law LLP, and I serve as counsel for Defendants Yomee Toys (Shuyang) Co. Ltd. ("Yomee") and Zhenhuan "Norton" Gu ("Gu") (collectively "Defendants") in the above-named action.  I am admitted to practice before the general bar of this district court for the Northern District of Illinois.  I make this Declaration in Support of Defendants' Motion to Set Aside Default Judgment based upon personal knowledge, and I am competent to testify regarding the following facts.

2.      On October 27, 2020, shortly after being retained by Yomee and Gu to serve as counsel in this action, I sent e-mail correspondence to Daliah Saper, counsel for Plaintiff Viahart LLC ("Plaintiff" or "Viahart"), advising that the PayPal account belonging to Gu had been improperly frozen and that complaint failed to include the proper parties as named defendants.  A true and correct copy of this e-mail is attached herewith as "Exhibit A."

1

3.      On October 30, 2020, I sent follow-up e-mail correspondence to Plaintiff's counsel given the lack of response to the prior e-mail.  Once again, I advised that the PayPal account for Gu was improperly frozen and that the complaint did not pertain to my client, Norton Gu, but instead named an unknown individual, "Norton Zhang."  On November 1, 2020, Plaintiff's counsel replied to my prior e-mails, and asked to schedule time to speak regarding the matter.  A true and correct copy of this follow-up e-mail and reply thereto is attached herewith as 'Exhibit B."

4.      On November 2, 2020, I met and spoke with Ms. Saper and Mr. Brandon Beymer via telephonic conference, and further advised them of the facial defects of the operative pleadings and discussed the insufficient claims alleged. Furthermore, I advised them of the prior relationship between Plaintiff and Defendants and requested that the complaint be amended to include the properly named party defendants, Yomee and Gu.  I further advised that I did not have authority to accept service of process on behalf of Yomee and Gu, and that service would need to be effectuated and carried out in accordance with the mandatory service requirements pursuant to the Hague Convention.

5.      On November 25, 2020, I sent written correspondence to Plaintiff's counsel, advising and putting counsel on notice of my clients' intent to pursue and seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and further demanded that the complaint either be amended or that the case be dismissed entirely.  A true and correct copy of my Rule 11 letter is attached herewith as "Exhibit C."

6.      On December 9, 2020, Plaintiff's counsel replied to the Rule 11 letter, conceding their mistake in naming "Norton Zhang" as Defendant, and further stating that they would correct the pleadings to name the correct party individual.  The reply letter unreasonably denied any wrongdoing and maintained the improper position that the facially defective pleadings would not

need to be amended.  A true and correct copy of the correspondence from Plaintiff's counsel is attached herewith as "Exhibit D."

7.      During my research and investigation of the alleged infringement claims asserted by Plaintiff, I discovered that Plaintiff was recently named as a defendant in a lawsuit for declaratory judgment involving the "GOODMINTON" trademark at issue here.  The plaintiff in this case sold an almost, if not actually – similar product stamped with the word "JAZZMINTON" and the case was filed in the U.S. District Court for the Middle District of Florida, titled *System Enterprises, LLC v. Viahart LLC,* Case No. 8:19-cv-2578T60SPF.

8.      In an blog posting titled, "Starting a Physical Product Company? You're Gonna Need a Lawyer", Plaintff's CEO demonstrates awareness of the different types and kinds of intellectual property, even going so far as to recognizing that Plaintiff does not have design patents for the products at issue.  A true and correct copy of the blog article is attached herewith as "Exhibit E."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on this 12th day of March, 2021.

*/s/ Edward Chen*
Edward Chen

# Exhibit A

## Ed Chen

| | |
|---|---|
| **From:** | Edward Chen |
| **Sent:** | Tuesday, October 27, 2020 8:53 PM |
| **To:** | DS@SAPERLAW.COM |
| **Cc:** | Henry Li |
| **Subject:** | Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651 |

Dear Counsel:

This firm represents Yomee Toys Co. Ltd. ("Yomee") in intellectual property matters. Yomee received a notice from Paypal, indicating that its account was being frozen and instructing Yomee to contact Viahart directly. However, upon a quick search of the case that was referenced by the e-mail, it appears that your firm is serving as counsel of record for Viahart and therefore I am reaching out to you directly.

As an initial matter, the Complaint filed in *Viahart LLC vs. Suzhou Everich Imp. & Exp. Co. Ltd. Et al.* Case No. 20-cv-5651 in the U.S. District Court for the Northern District of Illinois has named both Suzhou Everich and Norton Zhang as defendants. The named defendants are neither owners of, nor do they have control the PayPal account that was frozen.

Furthermore, Yomee is not a party to your lawsuit and there are no references to Yomee in the Complaint. Yomee is also not subject to the injunction issued by the Court and has been wrongfully enjoined here. Your actions have caused, and will continue to cause Yomee to incur irreparable harm to its business and ability to conduct business in the future. Therefore, we must receive immediate assurance that you will:

1. Contact the Court tomorrow, October 28, 2020, informing of this wrongful issuance and enjoinment of Yomee and seeking to lift the injunction with respect to same; and

2. Immediately contact PayPal, in writing and copying me, instructing PayPal to restore Yomee's PayPal account.

We prefer to avoid having to move ex parte and seek immediate relief from the injunction, however, we are prepared to seek sanctions for the harm stemming from this conduct should you refuse to take corrective action or fail to do so timely.

Please confirm that you will be taking the necessary corrective actions by replying here, or you can call me directly at 626-500-7302 to discuss.

Sincerely,



**Edward Chen**
Senior Counsel | **YK LAW LLP**
资深律师|盈科美国律师事务所
300 Spectrum Center Drive, Suite 400
Irvine, CA 92618
**D:** 949-754-2862
**WeChat ID:** edchenlaw
echen@yklaw.us | www.yklaw.us

This message is intended solely for the use of the addressee(s) and may be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at YK Law LLP and delete all copies of this email message along with all attachments. Thank you.

Linked In | Twitter | Facebook | Instagram

# Exhibit B

**Ed Chen**

| | |
|---|---|
| **From:** | Daliah Saper <ds@saperlaw.com> |
| **Sent:** | Sunday, November 1, 2020 6:19 PM |
| **To:** | Edward Chen |
| **Cc:** | Henry Li; Brandon Beymer |
| **Subject:** | Re: Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651 |

Mr. Chen and Li,
Are you available Monday at 1pm Chicago time to discuss this matter?
Thank you,
Daliah

On Fri, Oct 30, 2020 at 7:01 PM Edward Chen <echen@yklaw.us> wrote:

Counsel:


I have not heard back from your office in regards to my e-mail below, nor does it appear that you have taken any steps to lift the injunction that was wrongfully entered and executed by Plaintiff against Yomee. It is imperative we speak as soon as possible to discuss your next steps.


We will be moving to dissolve the injunction and seeking any and all available remedies for our client on Monday, November 2, 2020 if we do not hear back from you by then.


Please contact me directly 626-500-7302 to discuss.


**Ed Chen**, YK Law LLP

949-754-2862

---

**From:** Edward Chen
**Sent:** Tuesday, October 27, 2020 8:53 PM
**To:** DS@SAPERLAW.COM
**Cc:** Henry Li <hli@yklaw.us>
**Subject:** Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651


Dear Counsel:

This firm represents Yomee Toys Co. Ltd. ("Yomee") in intellectual property matters. Yomee received a notice from Paypal, indicating that its account was being frozen and instructing Yomee to contact Viahart directly. However, upon a quick search of the case that was referenced by the e-mail, it appears that your firm is serving as counsel of record for Viahart and therefore I am reaching out to you directly.

As an initial matter, the Complaint filed in *Viahart LLC vs. Suzhou Everich Imp. & Exp. Co. Ltd. Et al.* Case No. 20-cv-5651 in the U.S. District Court for the Northern District of Illinois has named both Suzhou Everich and Norton Zhang as defendants. The named defendants are neither owners of, nor do they have control the PayPal account that was frozen.

Furthermore, Yomee is not a party to your lawsuit and there are no references to Yomee in the Complaint. Yomee is also not subject to the injunction issued by the Court and has been wrongfully enjoined here. Your actions have caused, and will continue to cause Yomee to incur irreparable harm to its business and ability to conduct business in the future. Therefore, we must receive immediate assurance that you will:

1. Contact the Court tomorrow, October 28, 2020, informing of this wrongful issuance and enjoinment of Yomee and seeking to lift the injunction with respect to same; and

2. Immediately contact PayPal, in writing and copying me, instructing PayPal to restore Yomee's PayPal account.

We prefer to avoid having to move ex parte and seek immediate relief from the injunction, however, we are prepared to seek sanctions for the harm stemming from this conduct should you refuse to take corrective action or fail to do so timely.

Please confirm that you will be taking the necessary corrective actions by replying here, or you can call me directly at 626-500-7302 to discuss.

Sincerely,



**Edward Chen**
Senior Counsel | **YK LAW LLP**

资深律师|盈科美国律师事务所

300 Spectrum Center Drive, Suite 400

Irvine, CA 92618
**D:** 949-754-2862

**WeChat ID:** edchenlaw
echen@yklaw.us | www.yklaw.us

This message is intended solely for the use of the addressee(s) and may be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at YK Law LLP and delete all copies of this email message along with all attachments. Thank you.

Linked In | Twitter | Facebook | Instagram

--
Daliah Saper
312.527.4100
www.saperlaw.com

**\*\*Get to know Saper Law**
**\*\*Book Daliah Saper**

# Exhibit C

## Ed Chen

**From:** Edward Chen
**Sent:** Wednesday, November 25, 2020 9:13 PM
**To:** Brandon Beymer
**Cc:** Daliah Saper; Henry Li
**Subject:** RE: Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651
**Attachments:** 112520_Ltr to Saper Law Re Rule 11 Sanctions and Dismissal.pdf


Mr. Beymer:

Please see the attached correspondence regarding this matter.  Thanks.

**Ed Chen**, YK Law LLP
949-754-2862

---

**From:** Brandon Beymer <brandon@saperlaw.com>
**Sent:** Monday, November 23, 2020 12:49 PM
**To:** Edward Chen <echen@yklaw.us>
**Cc:** Daliah Saper <ds@saperlaw.com>; Henry Li <hli@yklaw.us>
**Subject:** Re: Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651

Counsels:

Please confirm by the end of the day tomorrow 11/24 whether you will be filing an answer or responsive pleading in this matter. Otherwise, Plaintiff will be proceeding with their Default Motion. Please advise.

Best,

**Brandon Beymer**
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, IL 60654
T: 312.527.4100
brandon@saperlaw.com


On Mon, Nov 2, 2020 at 1:04 PM Brandon Beymer <brandon@saperlaw.com> wrote:

> Counsels,
>
> Will you be attending the conference? Daliah and I are in the conference room now. Again, use this link or call in number:
>
> Meeting ID
> meet.google.com/nck-jfiq-keh
>
> Phone Numbers
> (US)+1 402-685-0156
> PIN: 928 059 211#

**Brandon Beymer**
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, IL 60654
T: 312.527.4100
brandon@saperlaw.com


On Mon, Nov 2, 2020 at 10:13 AM Brandon Beymer <brandon@saperlaw.com> wrote:

All,

Please use this link or phone number for our conference this afternoon:

Meeting ID
meet.google.com/nck-jfiq-keh

Phone Numbers
(US)+1 402-685-0156
PIN: 928 059 211#

Let us know if you have any issues.

Best,

**Brandon Beymer**
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, IL 60654
T: 312.527.4100
brandon@saperlaw.com


On Sun, Nov 1, 2020 at 9:18 PM Edward Chen <echen@yklaw.us> wrote:

Yes, please circulate dial-in.  Thanks.

Sent via the Samsung Galaxy S20 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Daliah Saper <ds@saperlaw.com>
**Sent:** Sunday, November 1, 2020 6:18:55 PM
**To:** Edward Chen <echen@yklaw.us>
**Cc:** Henry Li <hli@yklaw.us>; Brandon Beymer <brandon@saperlaw.com>
**Subject:** Re: Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651

Mr. Chen and Li,
Are you available Monday at 1pm Chicago time to discuss this matter?
Thank you,
Daliah

On Fri, Oct 30, 2020 at 7:01 PM Edward Chen <echen@yklaw.us> wrote:

Counsel:

I have not heard back from your office in regards to my e-mail below, nor does it appear that you have taken any steps to lift the injunction that was wrongfully entered and executed by Plaintiff against Yomee.  It is imperative we speak as soon as possible to discuss your next steps.

We will be moving to dissolve the injunction and seeking any and all available remedies for our client on Monday, November 2, 2020 if we do not hear back from you by then.

Please contact me directly 626-500-7302 to discuss.

**Ed Chen**, YK Law LLP

949-754-2862

**From:** Edward Chen
**Sent:** Tuesday, October 27, 2020 8:53 PM
**To:** DS@SAPERLAW.COM
**Cc:** Henry Li <hli@yklaw.us>
**Subject:** Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651

Dear Counsel:

This firm represents Yomee Toys Co. Ltd. ("Yomee") in intellectual property matters.  Yomee received a notice from Paypal, indicating that its account was being frozen and instructing Yomee to contact Viahart directly.  However, upon a quick search of the case that was referenced by the e-mail, it appears that your firm is serving as counsel of record for Viahart and therefore I am reaching out to you directly.

As an initial matter, the Complaint filed in *Viahart LLC vs. Suzhou Everich Imp. & Exp. Co. Ltd. Et al.* Case No. 20-cv-5651 in the U.S. District Court for the Northern District of Illinois has named both Suzhou Everich and Norton Zhang as defendants.  The named defendants are neither owners of, nor do they have control the PayPal account that was frozen.

Furthermore, Yomee is not a party to your lawsuit and there are no references to Yomee in the Complaint. Yomee is also not subject to the injunction issued by the Court and has been wrongfully enjoined here. Your actions have caused, and will continue to cause Yomee to incur irreparable harm to its business and ability to conduct business in the future. Therefore, we must receive immediate assurance that you will:

1. Contact the Court tomorrow, October 28, 2020, informing of this wrongful issuance and enjoinment of Yomee and seeking to lift the injunction with respect to same; and

2. Immediately contact PayPal, in writing and copying me, instructing PayPal to restore Yomee's PayPal account.

We prefer to avoid having to move ex parte and seek immediate relief from the injunction, however, we are prepared to seek sanctions for the harm stemming from this conduct should you refuse to take corrective action or fail to do so timely.

Please confirm that you will be taking the necessary corrective actions by replying here, or you can call me directly at 626-500-7302 to discuss.

Sincerely,

**Edward Chen**

Senior Counsel | **YK LAW LLP**

资深律师 | 盈科美国律师事务所

300 Spectrum Center Drive, Suite 400

Irvine, CA 92618

**D:** 949-754-2862

**WeChat ID:** edchenlaw

echen@yklaw.us | www.yklaw.us

This message is intended solely for the use of the addressee(s) and may be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at YK Law LLP and delete all copies of this email message along with all attachments. Thank you.



Linked In | Twitter | Facebook | Instagram

--
Daliah Saper
312.527.4100
www.saperlaw.com

**Get to know Saper Law**
**Book Daliah Saper**

**YK LAW**

盈科美国律师事务所

New York | Los Angeles | Irvine

WWW.YKLAW.US

**Edward Chen**
Senior Counsel | 资深律师
300 Spectrum Center Drive, Suite 400
Irvine, CA 92618
T: 949-754-2862
WeChat ID: edchenlaw
echen@yklaw.us | www.yklaw.us

Sent Via Electronic Mail Only

November 25, 2020

Daliah Saper
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, IL 60654
DS@saperlaw.com

**Re:** *Viahart LLC v. Suzhou Everich Imp. & Exp. Co., Ltd., et al.* No. 20-cv-5651

Ms. Saper:

As you know, this firm represents Yomee Toys (Shuyang) Co., Ltd. and Mr. Norton Gu ("Our Clients") in connection with the matter filed by Viahart LLC ("Your Client" or "Viahart") in the United States District Court for the Northern District of Illinois, Case No. 20-cv-5651 (the "Litigation"). Please direct all further communications to me.

I am writing to follow up on our telephone conference of November 2, 2020 and wanted to address several issues which appear to have not been addressed or taken care of yet.

**Communications With Our Clients**

As a preliminary matter, I was recently informed and became aware of the fact that Your Client, Mr. Mike Hart, attempted to contact my client, Mr. Gu, despite the fact that this firm represents Mr. Gu in connection with the Litigation. While I am unsure whether you were aware of this attempted communication with Mr. Gu by Your Client, I ask that you please advise Your Client not to attempt any further contact or otherwise try to communicate with Mr. Gu as he is represented by counsel. It would be greatly appreciated if any and all communications regarding this matter be made and addressed to me directly.

**Improperly Named Defendants**

As I have previously advised you via e-mail correspondence and during our November 2, 2020 call, Suzhou Everich Imp. & Exp. Co. Ltd. and Norton Zhang, are not the owners of, nor do they have control over, the Amazon Seller Account for the Everich Toy storefront as alleged in the Complaint.[1]

As I further explained to you during our call, Yomee Toys (Shuyang) Co., Ltd. ("Yomee") is the actual owner for the Everich Toy account. Yomee is not affiliated with the named Defendants in the Litigation. Additionally, Yomee is managed by Mr. Gu, and not "Norton Zhang" as the Complaint alleges. While it may be probable that Mr. Gu was your intended defendant in the suit, the complaint has not properly named the correct defendant.

Even if Mr. Gu is the intended defendant of your complaint, we are unable to find any reasonable excuse as to why your complaint has named an individual named "Norton Zhang" when it is clear that Your Client and Mr. Gu have actually known each other for several years now. In fact, we are unable to accept any further excuse based upon your lack of knowledge of this fact as counsel, where you admitted having knowledge of the fact of such relationship.

As of the date of this correspondence, I note that you have not taken the necessary steps to inform the Court of this error, nor have any required steps towards amendment of the complaint been taken by you to correct the same. It is our position that you have failed to undertake the requisite reasonable inquiry under

---

[1] Everich Toy Amazon Storefront (Last Accessed Nov. 22, 2020)

the circumstances and your failure to correct the erroneously and improperly named defendants continues to harm Our Clients.

If Your Client intends to proceed with the Litigation, then this correspondence shall serve as express written notice that Our Clients intend on moving for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Please be further advised that Our Clients shall seek and move for Rule 11 sanctions in twenty-one (21) days from the date of this letter if you have not taken the requisite steps to dismiss the Litigation.[2]

**Deficient Service of Process**

If your Client still wishes to proceed with this case by amending the pleadings to include the actual and correct party here, service will need to be properly effectuated as I am neither authorized to accept service on behalf of Yomee, nor does Yomee agree to accept service of process by electronic means as you've apparently attempted to do for the named defendants already. Therefore, Yomee may be served by utilizing the method for service of process that strictly comports with the Hague Convention and its requirements for service of process abroad.

Service may therefore be made upon Yomee at the following address:

> Yomee Toys (Shuyang) Co. Ltd.
> No. 8, Songhuajiang Road
> Shuyang City, Miaotou Town
> Jiangsu Province, 223600, China

Furthermore, Yomee does not agree with, and will challenge any attempts to circumvent the mandatory methods as the Hague requires. We note that you have not properly served the improperly named defendants in the Litigation, and we will challenge any further attempts, if any, as to Yomee and Mr. Gu.

There were clearly no reasonable efforts made to determine the correct party defendant, let alone any signs which would even indicate that diligence was made in order to learn of Yomee's address. *See, e.g.,Advanced Access Content Sys. Licensing Admin., LLC v. Shen*, 2018 WL 4757939, at *4–5 (S.D.N.Y. Sept. 30, 2018); *Progressive Se. Ins. Co. v. J & P Transp.*, 2011 WL 2672565, at *3 (N.D. Ind. July 8, 2011) (citing *Opella v. Rullan*, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011)); *Compass Bank v. Katz*, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (collecting and discussing cases).

At the very least, service could have been attempted on the improperly named defendants by utilizing the address of the other company that Your Client was aware of that Mr. Gu is affiliated with. Enclosed herewith is a true and correct copy of an invoice dated May 4, 2020 between Viahart LLC and Betty Sports and Toys Co. Ltd. The fact that Your Client has previously done business with Mr. Gu in the past, albeit under a different company name (Betty Sports), makes it difficult for us to believe that diligent, let alone reasonable efforts were made in determining both the correct parties to the Litigation and their respective addresses.

Again, the firm is not authorized to accept service on behalf of Yomee, nor does Yomee agree to waive service by any means that are inapplicable with the Hague Service Convention for service of process abroad.

**No Personal Jurisdiction**

In addition to the service of process issues as described above, the Complaint does not provide any specific allegations regarding the Defendants' (actually named or intended) contacts with the State of Illinois or the instant forum. Rather, the Complaint includes broad allegations of directed business activities towards consumers throughout the United States, including residents of Illinois. There are no allegations that could be construed of as an action here that would amount to a <u>purposeful targeting</u> of Illinois or its residents. Of

---

[2] This correspondence provides the requisite notice pursuant to FRCP Rule 11(c)(2)'s "safe-harbor" requirement. *See Matrix IV, Inc. v. American National Bank*, 649 F.3d 539 (7th Cir. 2011); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008) (finding a letter informing offending party of sanctions to be adequate); *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003) (same).

course, such allegations would be completely fictional, since Defendants are Chinese entities or individuals and do not have any employees, office locations, or any other presence in the forum state.

Additionally, all sales of the allegedly infringing product through Yomee's Amazon storefront account were "Fulfilled by Amazon" which, as you likely know, means that such products were shipped to Amazon storage fulfilment centers, handed, picked, packed, and shipped by Amazon. *See be2 LLC v. Ivanov, 642 F.3d 555, 558-59* (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market."). These undeniable facts, alone, make the Complaint ripe for dismissal.

**Complaint Fails to State a Plausible Claim for Relief**

Adding to the issues is the fact that the Complaint fails to "state a claim of relief that is plausible on its face" *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).* "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555.*

Count 1: Trademark Infringement and Counterfeiting

The first cause of action alleging trademark infringement and counterfeiting completely fail. As for trademark infringement, the Complaint primarily asserts claims of trade dress infringement and specifically identifies the usage of the same "bright-color orange and light-color blue for the paddles", the same "white letters for the brand name on the top middle of the paddle", and the "same color, shape, and size of birdies". Aside from the undisputable fact that the allegedly-infringing product sold on the Everich Amazon storefront has its own brand name and valid, enforceable trademark and therefor any claims of such are meritless, the trade dress infringement claims are equally as without merit.

As alleged in the Complaint, the elements identified are almost too comical to be taken seriously. Assuming for *purely hypothetical reasons only*, that such trade dress was attributable, protectable and enforceable as trade dress of Your Client. What would companies and manufacturers of the variety of different paddles in sports such as badminton, tennis, racquetball, or most similarly, ping-pong do? The notion that the public would associate blue and orange versions of paddles made for these different sports with Your Client's "Goodminton®" paddles is not supported by factual allegations. or reality and is simply not plausible.

The allegations that Goodminton® products are being counterfeited is also blatantly false. As the enclosed letter indicates, Your Client purchased Goodminton® and "Surfminton" products from Betty Sports and Toys Co., Ltd. In fact, I am not aware of any facts which would indicate that Viahart manufactures the Goodminton® product, nor am I aware of any restrictions that would prevent any other third-party from selling the same exact product sans the Goodminton® trademarked brand logo. To the extent that there are any agreements that are believed to prohibit such, please provide a copy for my review. However, in the absence of the same, the allegations of counterfeit products fails.

Count 4: Copyright Infringement

The allegations of copyright infringement are also without merit. The Complaint alleges that Viahart is the owner of three copyrights, as well as the registrations VA0002207783, TXu002201289, and TXu002201510, for certain text and photographs related to its GOODMINTON® game set. It appears that two of the three copyright registrations contain potentially protected materials that involve the GOODMINTON® mark.

Registration Number: VA0002207783
Application Title: Goodminton 2019
Title: Goodminton 2019 [Group registration of published photographs. 6 photographs.]
Date of Publication / End Dates: December 1, 2019 – December 1, 2019
Registration Date: May 12, 2020

Registration Number: TXu002201289
Application Title: Goodminton Text
Title: Goodminton Text

Date of Creation: 2019
Registration Date: June 2, 2020

The earlier registration which involves the group registration of 6 photographs is May 12, 2020. However, the fact is that the alleged infringing product was listed and up for sale on the Everich Amazon storefront on March 23, 2020 – nearly two months before Viahart's copyright registration.



**Product details**

Color: Blue and Orange

**Date First Available :** March 23, 2020

**Manufacturer :** EVERICH TOY

**ASIN :** B0868H6N1K

**Best Sellers Rank:** #67,844 in Sports & Outdoors (See Top 100 in Sports & Outdoors)
#9 in Racquetball Rackets

**Customer Reviews:**
⭐⭐⭐⭐½ ⌄    219 ratings

[3]

Not only do Our Clients seriously question the claims of alleged damages that Your Client now claims, it is our position that Your Client is engagement in prohibited, anti-competitive conduct which, as you know, is not afforded any protections or rights as provided for by any intellectual property laws or ideals of the same.

**Amendment of the Pleadings Would Be Futile Regardless; Rule 11 Sanctions Are Warranted**

Based on the foregoing, it is clear that any attempts to amend the pleadings would be futile. While corrective action may be taken by you in terms of amending the complaint to include the correct-party defendants here, such amendments would be unsuccessful in getting rid of your sanctionable conduct under Rule 11 based upon other grounds.

There is absolutely no evidentiary support for Your Client's allegations and argument that any of the defendants ever used, sold, offered for sale, or imported any products bearing Your Client's marks. There was no evidence prior to the time that the suit was filed, and no such evidence exists today. At best, you have only been able to point to a conversation between a purported potential customer on Amazon, asking whether Your Client's trademarked product could be purchased from the Everich Amazon Store. That conversation, which we reasonably believe to have been initiated by either someone from your firm or Your Client himself, means nothing. Your Client's trademarked product was never sold, held for sale, imported, offered for sale, by Our Clients.

As I explained during our call, Your Client purchases the product at issue directly from Our Clients. Our Clients manufacture Your Clients product. To the extent that Your Client claims any breach of contract or breach of any licensing or distribution agreement, I am unaware of any such agreements that exist. The fact is, there is no evidence whatsoever that currently exists, previously existed, or will exist upon which Your Clients claims could be supported by.

Additionally, there is no reasonable basis for the filing of the instant complaint, nor is it possible that there could have been any good faith belief that additional support or facts could possibly have been discovered to support Your Client's severely deficient and false allegations of infringement. While we understand that Rule 11 does allow for the filing of a complaint where there is a good faith basis to believe that the factual contentions "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery", that is certainly not the case here. Fed. R. Civ. P. 11(b)(3).

---

[3] EVERICH TOY Beach Paddles Ball Game (Last Accessed Oct. 26, 2020).

Instead, it appears to be the case that Your Client somehow believes that he is entitled to some sort of all-purpose, all-encompassing protection and right to sell an unpatented paddle and some birdies by virtue of having his trademark stamped on the same. We would be unpersuaded by any attempts to claim that Your Client "did not know" that this is what this type of behavior actually is, where it is clear that Your Client is aware of the nuances, at least generally, between trademark law and the law of patents.[4] The following is an excerpt from an October 18, 2020 article written by Your Client which clearly indicates Your Client's awareness as to the same:

## How to protect your hit product

If you are successful, you will be copied and the copies will take your sales. You need a way to prevent this and that is "intellectual property" or "IP". This is a catch all term for an exclusive license from the government to sell something you created. There are three main types:

1. Trademarks. You can trademark a brand name like "Nike", a logo (like the Nike® Swoosh), a sound (like the NBC chimes), or even the look of your packaging (like a bottle of Coca-cola or Maker's Mark). They cost around $1,400 to file, including the advice of an attorney. I made the mistake of launching a brand that was too similar to another company's and we had to rebrand our product line after 4 years of making a name for ourselves. Don't repeat my mistake.

2. Patents. There are two types of patents, utility patents and design patents. Utility patents are granted for functional designs, i.e. a new fork which makes it easier to eat spaghetti. Design patents are granted for superficial designs, i.e. a new fork which has stars embedded on the handle. Utility patents cost around $6,000 including legal fees and drawings. Design patents are around $1,500 all-in. Since utility patents are expensive, before paying for attorney, file a provisional patent application yourself ($150) before revealing your product. That will give you 12 months to explore whether or not your product is viable. If it is, get an attorney before the 12 months expire.

3. Copyrights. In the physical product world, you can file a copyright for advertising copy, your packaging art, or even your e-commerce photos. They cost $65 to file with the US Copyright Office and you do not need an attorney to do it. Be sure to read a few how-to's before attempting it yourself though.

---

[4] https://medium.com/swlh/starting-a-physical-product-company-youre-gonna-need-a-lawyer-13b2eecebc9f (last accessed Nov. 22, 2020).

Interestingly, the article goes on to mention the specific trademark at issue in the Litigation, along with a picture of an example of the product and the following text below:

> Let's look at the above example. We **trademarked** the brand name Goodminton®. It registered so it gets a cool little ® after the brand. We laid claim to the slogan "The World's Easiest Racquet Game" by writing ™ at the end of it. We can register this trademark later. We could apply for a **utility patent** on the special rotate-as-they-spin birdies. We could apply for a **design patent** for the shape of our paddles. Finally, we could **copyright** the image you see above or even the text we use to describe the product.
>
> If you succeed in registering any of the above intellectual property (IP), you will have the right to report it as infringing to e-commerce marketplaces such as Amazon (which may take it down), and you will be entitled to damages from your copycats for sales which occurred after the registration. If a court finds that the copying was intentional, they may triple your damages award.

While Your Client may very well be unhappy with the business relationship with Our Clients or one reason or another, it is clear and undisputable that the claims which have been alleged against Our Clients are not supported by any evidence, nor are they grounded by any support in law.

**Conclusion**

Simply put, Your Clients claims are frivolous at best, and unsupported by any evidence that could possibly amount to any infringement. Our Clients will not entertain any further attempts to proceed with such factually and legally unsupported claims and demand is hereby being made upon you to dismiss the case pursuant to Rule 11.

If the proper steps have not been taken by you to dismiss the Litigation after twenty-one (21) days, we will proceed by filing a motion seeking sanctions pursuant to Rule 11, and that the same be imposed upon both you and Your Client for the conduct described herein.

Pease feel free to contact me directly if you would like to discuss this further.

Very Truly Yours,

Edward Chen, Esq.

Encl.
5/4/2020 Invoice – Betty Toys/Viahart

1/14

# 采购合同

| Date日期：| 2020.05.04 |
|---|---|
| Order #: | YEE2020-05-04 |

| 买方<br>VIAHART LLC<br>1321 Upland Dr. #6481<br>Houston, TX 77043<br>USA | 卖方<br>沭阳悠米玩具股份有限公司 / Betty Sports and Toys CO.limited<br>中国江苏宿迁沭阳县庙头工业区国泰路18号 |
|---|---|

买方与卖方就以下货物及条件条款达成如下协议：



| 号码 | 产品名称和描述 | 条型码 | 数量 | 装箱数 | 纸箱数 | 单价(RMB) | 金额(RMB) |
|---|---|---|---|---|---|---|---|
| 1 | SURFMINTON- Blue/ Orange 塑料柄大球拍，球拍尺寸38*24*0.8cm，球拍使用防水胶。一副球拍+2只pvc球和2只TPR球/套，含外包装尺寸40*24.5*45.5cm网袋装 | 854857003338 | 2712 | 24 | 113 | 9.70 | ¥26,306.40 |
| 2 | GOODMINTON- 海绵柄小球拍，球拍尺寸33*19*0.7cm，一副球拍+4只三毛球/套，含外包装尺寸35*21*50cm，网袋装 | 854857003260 | 14850 | 25 | 594 | 6.95 | ¥101,722.50 |
| | | | | | 合计 | | ¥128,028.90 |
| | INCOTERMS | | | | | | EXW Llanyungang port or Shanghai |

## A. 付款和交货部分

1. **付款方式**：T/T 20%预付，80% 尾款最终验货合格后付清，由买方以美元支付至卖方公司账户，汇率按照汇款当日中国银行外汇牌价为准。
2. **交货时间**：买方在2020/7/10前必须结束生产。
3. 生产结束后，预定在预定交货期若要延迟交货，每隔一天，则将重新发行预算的0.3%。入延误交货逞罚。[For every day that seller is late with delivery or end of production, buyer will deduct 0.3% of the total invoice value. Delays caused by buyer's actions or "acts of god" do not count towards the aforementioned delay punishment.]



## B. 生产部分

1. **验货权：** 买方验货员可以在生产期间随时去工厂验货。发货前买方验货员会进行最终验货，卖方必须合作，并在生产前向买方提供一份生产计划时间表，以便买方及时安排验货员到厂验货。若时间表有所变更，卖方务必要提前通知买方。

2. **假如验货后有品质问题：** 买方会在验货中抽查部分产品检测质量并反复核对所用原料。验货结果仅对抽验到的产品质量有效，不包括所有其他未检验到的产品。若买方付款提货后，发现其它未检产品存在任何质量问题，卖方仍需负责。

3. **物料清单：** 卖方必须严格遵守随附物料清单中的所有细节要求。未经买方同意，卖方不得擅自使用物料清单以外的材料。卖方必须保证所有材料与检测过的是完全相同的。

4. **数量缺少：** 若数量不足，对于缺失的产品数量，卖方按照合同单价的三倍对买方进行赔偿。若赔偿额少于尾款，则从尾款中扣除。

5. **产品寄送给卖方：** 卖方负责妥善保管由买方提供的供订单生产使用的各种配件。买方发往卖方的货物归属权仍属于买方。

6. **交易诚信：** 买卖双方都不可以向对方员工或第三方验货公司进行贿赂。如买方发现卖方贿赂其员工或验货公司，将有权取消订单，并要求卖方退回已付定金。

7. **保密事宜：** 卖方不得销售含有买方LOGO或信息的产品，也不得在阿里巴巴等网络销售平台、自身网站，或广告宣传材料上使用有买方LOGO的产品信息。卖方不得将含有买方LOGO的产品或信息展示给其它客户，如贸易公司或经销商。任何可用于辨识卖方地址，名称或联系方式的信息，如卖方员工联系方式、卖方公司联系方式或其它联系方式，不得出现在买方所购买的或由卖方提供的产品本身、产品包装或外箱包装材料上。

8. 验货：买方验货员可以在生产期间随时去工厂验货。发货前买方验货员会进行最终验货，卖方必须合作，并在生产前向买方提供一份生产计划时间表，以便买方及时安排验货员到厂验货。若时间表有所变更，卖方务必要提前通知买方。

9. 产品质量不能次于样品质量。

10. 执行豁免声明：卖方必须遵守合同中所有的规格标准及规则条例，就算买方没有特别加强指名。例如：如果假设在验货后，发现大量有问题的产品（因为生产过程或是包装产生的问题，工厂造成的问题），但是还是接受了这批货，这不代表浪费不用对这大批有缺陷的产品负责。

11. 卖方必须严格遵守随附物料清单中的所有细节要求。未经买方同意，卖方不得擅自使用物料清单以外的材料。卖方必须保证所有材料与检测过的是完全相同的。若在生产过程中有任何物料因为任何原因需要更换，或是物料的供应商改变；卖方必须以文字告知买方，双方同意后方可更换。

12. 所有产品都必须留有余量，以替换不合格产品或以防因清点失误造成的缺失。若数量不足，对于缺失的产品数量，卖方按照合同单价的三倍对买方进行赔偿。若赔偿额少于尾款，则从尾款中扣除。

13. 卖方负责妥善保管由买方提供的供订单生产使用的各种配件。买方发往卖方的货物归属权仍属于买方。

14. 如果买方或卖方按照美国或者欧洲标准做过合同内某个动物的测试，卖方保证这个动物所使用的材料与配件与做测试时所检测过的一致。对于其他产品，卖方保证它们符合美国标准。

**15. 在生产期间若有更换任何材料或是材料供应商，必须马上书面通知我们并与我们确认。**

## C. 法律部分

1. 若本合同中存在任何违背中国法律的无效条款，以相关法律法规为准。但本合同中其余条款依然有效。

2. 如有任何争议，双方友好协商解决。协商不成，交由北京中国国际经济贸易仲裁委员会仲裁，并同意按照该会届时有效的仲裁规则仲裁。仲裁裁决是终局的，对双方均有约束力。

3. 如果发生任何法律纠纷，必须在法院或通过仲裁解决，则该纠纷的败诉方将支付胜诉方所有的律师费。

4. 合同签订：买方法人代表需对合同签字，而卖方法人代表需对合同签字并盖章，改章必须为卖方在当地工商局注册用章。

5. 双方都同意以图片或者扫描形式发送或者签署合同替代邮寄原始纸质合同，并且双方在电子收据上的签名可以使合同生效。

6. 非弃权条款：任何一方在实施本合约的条款条件时的懈怠、自制或放任，以及一方向另一方给予时间上的授让，均不得损害、影响或限制该另一方在本合约项下的各项权利，并且，一方放弃对于某一违约行为的追究并不构成其对于任何其后或持续发生的违约放弃追究的权利。

7. **非弃权条款：任何一方在实施本合约的条款条件时的懈怠、自制或放任，以及一方向另一方给予时间上的授让，均不得损害、影响或限制该另一方在本合约项下的各项权利，并且，一方放弃对于某一违约行为的追究并不构成其对于任何其后或持续发生的违约放弃追究的权利。**



| 买方法人代表 | 卖方法人代表 |
|---|---|
| 签字: | 签字盖章: *Norton / Sany* |
| 日期: | 日期: 2020-05-09 |

| 银行资料 | |
|---|---|
| 银行 | **HSBC HONG KONG** |
| 银行住址 | HSBC, No. 1 Queen's Road Central, Hong Kong |
| 收款名字 | **BETTY SPORTS AND TOYS CO., LIMITED** |
| 收款人关系 | 卖方公司账户 |
| 帐号 | **121-867568-838** |
| SWIFT号码 | **HSBCHKHHHKH** |

5/14

## BETTY SPORTS AND TOYS CO., LIMITED Bank Account

Company Name: BETTY SPORTS AND TOYS CO., LIMITED
Company Address: Room 1607，Trend Centre，29-31 Cheung Lee
Street，Chai Wan，Hong Kong
Bank Name: HSBC HONG KONG
Account No.: 121-867568-838
SWIFT Code: HSBCHKHHHKH
Bank Address: HSBC, No. 1 Queen's Road Central, Hong Kong



2019.8.20







| 物料清单- 产品1 | | | | |
|---|---|---|---|---|
| 构件号码 | 构件和材料 | 产品号码 | 提供商 | 备注 |
| 1 | 木质胶合板球拍 (使用防水胶) | 1号 | 卖方 | 由于美国的法律规定，边缘必须光滑无毛刺，不锋利不刺手，无裂痕，侧面无孔洞。拍子表面所有的凹洞裂缝和划痕都必须用环保白乳胶和使用面粉堵上，然后磨平。否则，若因此在国外产生任何索赔或纠纷，由卖方负责。球拍形状要规则对称，拍面平整无弧度弯曲。球拍尺寸误差不得超过0.05cm。球拍在经过打磨，上漆，印刷后，厚度必须要在7.5mm-8mm之间。小于此厚度范围的球拍我们将不接受。1号产品手柄底部加宽，尺寸和胶合板质量必须与样品一致。<br>以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |
| 2 | 球拍涂料 | 1号 | 卖方 | 天蓝色底色，潘通色号2925C；白色 LOGO。单面丝网印刷，文字图案必须清晰可见，在拍面整体居中（不含TM部分）。漆墨必须彻底干透，厚薄均匀。印刷排版必须与我们提供的成分必须与买方检测的材料完全相同！！以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |
| 3 | PVC球 | 1号 | 卖方 | 每袋中放1个橘色PVC球。球要干净无脏污，无破损、裂痕。不得有漏装错装(这个是客户反映最多的问题) |
| 4 | TPR球 | 1号 | 卖方 | 每袋中放1个黄色TPR球。球要干净无脏污，无破损、裂痕。不得有漏装错装(这个是客户反映最多的问题) |
| 7 | 塑料手柄 | 1号 | 卖方 | 橘色，与样品颜色相同。必须牢固扣在拍子手柄上，不能轻易脱离，不有脏污、裂痕。表面及边缘必须光滑，不能扎手，没有飞边。材质必须与买方检测的材料完全相同！！以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |
| 8 | 白色束口网袋+吊牌 | 1号 | 卖方+买方 | 卖方负责按要求组装。注意包装时不要损坏网袋和绳子上的吊牌！不能弯曲折叠或者弄脏吊牌！吊牌由买方提供 |
| 9 | AB瓦楞纸箱外包装 | 1号 | 卖方 | 55cm x 26cm x 40cm 全新的结实耐用的外贸用纸箱，厚度7.5到8毫米之间，无涨箱，如有涨箱的情况需提前告知。尺寸如上述所示。 |
| 10 | 标签 | 1号 | 卖方 | 贴标签位置：箱子右上角，每箱贴1个。卖方负责以正确方式粘贴到对应的箱子上。 |
| 11 | 腻子 | 1号 | 卖方 | 涂漆前均匀刷在球拍表面上，以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |





| 构件号码 | 构件和材料 | 产品号码 | 提供商 | 备注 |
|---|---|---|---|---|
| | | | | **物料清单- 产品2** |
| 1 | 木质胶合板球拍 | 2号 | 卖方 | 由于美国的法律规定，边缘必须光滑无毛刺，不能锋利不刺手，无裂痕，侧面无孔洞。拍子表面所有的凹洞裂缝和划痕都必须用环保白乳胶和使用面粉堵上，然后磨平。否则，若因此在国外产生任何索赔或纠纷，由卖方负责。球拍形状要规则对称，拍面平整无弧度弯曲。球拍尺寸误差不得超过0.05cm。1号产品手柄底部加宽，尺寸和胶合板质量必须与样品一致。以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |
| 2 | 环保无毒EVA手柄 | 2号 | 卖方 | 桔色海绵，直径21cm，必须套在拍子手柄上，不能轻易脱落，不能有脏污、裂口。海绵必须与买方检测的材料和尺寸完全相同！！以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |
| 3 | 球拍涂料 | 2号 | 卖方 | 天蓝色底色，潘通色号2925C；白色 LOGO。双面丝网印刷（两面LOGO相同），文字图案必须清晰可见，在拍面整体居中（不含TM部分）。漆墨必须彻底干透，厚薄均匀。印刷排版必须与我们提供的成分必须与买方检测的材料完全相同！！以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |
| 4 | 三毛球 | 2号 | 买方 | 四个橘色三毛球（两长两短）已经先包装好在透明翻盖盒。包装进束口袋请再三检查确定盒子里的三毛球数量正确并且没有损毁。 |
| 5 | 腻子 | 2号 | 卖方 | 涂漆前均匀刷在球拍表面上，以下引用号所指代化学元素含量必须符合下方化学元素表格所列数据:{A, B, C, D, E, F, G, H, I, J, K, L, M, N,O} |
| 6 | 白色束口网袋+吊牌 | 2号 | 卖方+买方 | 卖方负责按要求组装。网袋内需包含两个球拍，一组透明翻盖盒装三毛球。注意包装时不要损坏网袋和绳子上的吊牌！不能弯曲由折叠或者弄脏吊牌！吊牌由买方提供。**白色束口网袋质量要坚固耐用不能容易破损。请参照YEE2019-5-21 Surfminton组的网袋质量。** |
| 7 | AB瓦楞纸箱外包装 | 2号 | 卖方 | **35cm x 21cm x 50cm 全新的结实耐用的外贸用纸箱**，厚度6.5到7毫米之间，无涨箱，如有涨箱的情况需提前告知。尺寸如上述所示。 |
| 8 | 标签 | 2号 | 卖方 | 贴标签位置：箱子右上角，每箱贴2个。卖方负责以正确方式粘贴到对应的箱子上。 |



## 产品2照片部分

 

手柄上部产品序号数字变成**2005**，产品序号改印在背面，并且往下移靠近手把处每个包装内两个长橘色羽毛，两个短橘色羽毛。球拍颜色与我们要求的潘通色号一致

 

把产品序号改印在背面并且往下移靠近手把处

**Logo update** Change the GOODMINTON "™" to "®", Remove BY VIAHART



**白色束口网袋质量要坚固耐用不能容易破损**

**右边**：YEE2019-5-21的Surfminton束口网袋。洞比较大，网袋的织数比较密，比较没有弹性，强壮不容易破洞。**请以这个质量为基准。**
**左边**：上一批的Goodminton束口网袋。洞比较小，网袋的织数比较松，比较有弹性，脆弱容易破洞。



| 物料清单照片部分 |
|---|





构件1号 手柄加宽到3.3cm同上一批货　　构件2号 直径21cm

## 化学元素表格

| 引用号 | 元素名称 | 含量 |
|---|---|---|
| A | 铅 | ≤ 90 ppm |
| B | 汞 | ≤ 100 ppm |
| C | 镉 | ≤ 75 ppm |
| D | 锑 | ≤ 60 ppm |
| E | 砷 | ≤ 25 ppm |
| F | 铬 | ≤ 60 ppm |
| G | 钡 | ≤ 1000 ppm |
| H | 硒 | ≤ 500 ppm |
| I | 邻苯二甲酸盐 DINP | ≤ 1000 ppm |
| J | 邻苯二甲酸盐 DIDP | ≤ 1000 ppm |
| K | 邻苯二甲酸盐 DnOP | ≤ 1000 ppm |
| L | 邻苯二甲酸盐 DEHP | ≤ 1000 ppm |
| M | 邻苯二甲酸盐 DBP | ≤ 1000 ppm |
| N | 邻苯二甲酸盐 BBP | ≤ 1000 ppm |
| O | 所有构件必须无毒 | |

## DEFECTS PHOTO SECTION - PLEASE PAY ATTENTION

1. **[Important] Missing Birdies** - double and triple check the bags before packing in the carton. We had a lot of complaints from last order due to missing birdies



Hi there Peter,

I'm so sorry to learn that your set didn't include birdies! Can I trouble you for an image of the batch code of the set that you received that was missing birdies? It can be found printed in white numbers on the paddle. This greatly assists us in determining how this issue occurred. In the meantime, I have just refunded you for the defective set that you received, and you don't need to bother with the hassle of a return. We unfortunately do not have any extra birdies available, however, Goodminton is still in stock and can be reordered at your earliest convenience. Thank you, and our apologies again for the inconvenience!

On Sun, Apr 5, 2020 at 11:34 AM Peter Benjamin <pb99san(e-mail address removed)> wrote:

**amazon**

You have received a message.

Order ID: 114-5481695-8936726

| # | ASIN | Product Name |
|---|------|--------------|
| 2 | B00LWDRQ6A | VIAHART Goodminton | The World's Easiest Racket Game | an Indoor Outdoor Year-Round Fun Paddle Game Set for Boys, Girls, and People of All Ages |

Message:

One of the Goodminton sets that I ordered did not include birdies. Can you please send me a set of feather birdies? Thanks. Peter Benjamin

2. **Boxes getting opened** - make sure to close the boxes tightly so it doesnt get opened during shipping





**3. Scratched/damaged plastic handles**



**4. Mesh bag ripped easily**

**Email Address:** dommer773@gmail.com

My daughter bought Goodminton on Amazon. The bag ripped the first day and within a few times playing the feathers broke on one birdie and another birdie the feathers separated from rubber. The rubber went flying and is lost. My daughter is pretty sad and disappointed because she spent her own money on this purchase. Is there anything that can be done to help?

**VIAHART Toy Co**
https://www.viahart.com/

VIAHART Toy Co is powered by BigCommerce. Launch your own store for free with BigCommerce.



# Exhibit D

## Ed Chen

| | |
|---|---|
| **From:** | Daliah Saper <ds@saperlaw.com> |
| **Sent:** | Thursday, December 10, 2020 8:06 AM |
| **To:** | Ed Chen |
| **Cc:** | Brandon Beymer; Henry Li; Ted Chiacchio |
| **Subject:** | Re: Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651 |
| **Attachments:** | 2020.12.09 Letter to E. Chang Re Everich.pdf |

Ed,
A response to your November 25th letter is attached.
Feel free to contact me if you would like to discuss any of these issues further.
All the best,
Daliah

On Wed, Nov 25, 2020 at 11:13 PM Edward Chen <echen@yklaw.us> wrote:

Mr. Beymer:


Please see the attached correspondence regarding this matter.  Thanks.



**Ed Chen**, YK Law LLP

949-754-2862

---

**From:** Brandon Beymer <brandon@saperlaw.com>
**Sent:** Monday, November 23, 2020 12:49 PM
**To:** Edward Chen <echen@yklaw.us>
**Cc:** Daliah Saper <ds@saperlaw.com>; Henry Li <hli@yklaw.us>
**Subject:** Re: Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651


Counsels:

Please confirm by the end of the day tomorrow 11/24 whether you will be filing an answer or responsive pleading in this matter. Otherwise, Plaintiff will be proceeding with their Default Motion. Please advise.

Best,


**Brandon Beymer**

Saper Law Offices, LLC

505 N. LaSalle, Suite 350

Chicago, IL 60654

T: 312.527.4100

brandon@saperlaw.com

On Mon, Nov 2, 2020 at 1:04 PM Brandon Beymer <brandon@saperlaw.com> wrote:

Counsels,

Will you be attending the conference? Daliah and I are in the conference room now. Again, use this link or call in number:

Meeting ID
meet.google.com/nck-jfiq-keh

Phone Numbers
(US)+1 402-685-0156
PIN: 928 059 211#

**Brandon Beymer**

Saper Law Offices, LLC

505 N. LaSalle, Suite 350

Chicago, IL 60654

T: 312.527.4100

brandon@saperlaw.com

On Mon, Nov 2, 2020 at 10:13 AM Brandon Beymer <brandon@saperlaw.com> wrote:

All,

Please use this link or phone number for our conference this afternoon:

Meeting ID
meet.google.com/nck-jfiq-keh

Phone Numbers
(US)+1 402-685-0156
PIN: 928 059 211#

Let us know if you have any issues.

Best,

**Brandon Beymer**

Saper Law Offices, LLC

505 N. LaSalle, Suite 350

Chicago, IL 60654

T: 312.527.4100

brandon@saperlaw.com

On Sun, Nov 1, 2020 at 9:18 PM Edward Chen <echen@yklaw.us> wrote:

Yes, please circulate dial-in. Thanks.

Sent via the Samsung Galaxy S20 5G, an AT&T 5G smartphone

Get Outlook for Android

**From:** Daliah Saper <ds@saperlaw.com>
**Sent:** Sunday, November 1, 2020 6:18:55 PM
**To:** Edward Chen <echen@yklaw.us>
**Cc:** Henry Li <hli@yklaw.us>; Brandon Beymer <brandon@saperlaw.com>
**Subject:** Re: Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651


Mr. Chen and Li,

Are you available Monday at 1pm Chicago time to discuss this matter?

Thank you,

Daliah


On Fri, Oct 30, 2020 at 7:01 PM Edward Chen <echen@yklaw.us> wrote:

> Counsel:
>
>
> I have not heard back from your office in regards to my e-mail below, nor does it appear that you have taken any steps to lift the injunction that was wrongfully entered and executed by Plaintiff against Yomee.  It is imperative we speak as soon as possible to discuss your next steps.
>
>
> We will be moving to dissolve the injunction and seeking any and all available remedies for our client on Monday, November 2, 2020 if we do not hear back from you by then.
>
>
> Please contact me directly 626-500-7302 to discuss.
>
>
> **Ed Chen**, YK Law LLP
>
> 949-754-2862

---

**From:** Edward Chen
**Sent:** Tuesday, October 27, 2020 8:53 PM
**To:** DS@SAPERLAW.COM

**Cc:** Henry Li <hli@yklaw.us>
**Subject:** Viahart LLC v Suzhou Everich IMP et al; Case No. 20CV05651

Dear Counsel:

This firm represents Yomee Toys Co. Ltd. ("Yomee") in intellectual property matters.  Yomee received a notice from Paypal, indicating that its account was being frozen and instructing Yomee to contact Viahart directly.  However, upon a quick search of the case that was referenced by the e-mail, it appears that your firm is serving as counsel of record for Viahart and therefore I am reaching out to you directly.

As an initial matter, the Complaint filed in *Viahart LLC vs. Suzhou Everich Imp. & Exp. Co. Ltd. Et al.* Case No. 20-cv-5651 in the U.S. District Court for the Northern District of Illinois has named both Suzhou Everich and Norton Zhang as defendants.  The named defendants are neither owners of, nor do they have control the PayPal account that was frozen.

Furthermore, Yomee is not a party to your lawsuit and there are no references to Yomee in the Complaint.  Yomee is also not subject to the injunction issued by the Court and has been wrongfully enjoined here.   Your actions have caused, and will continue to cause Yomee to incur irreparable harm to its business and ability to conduct business in the future.  Therefore, we must receive immediate assurance that you will:

1.  Contact the Court tomorrow, October 28, 2020, informing of this wrongful issuance and enjoinment of Yomee and seeking to lift the injunction with respect to same; and

2.  Immediately contact PayPal, in writing and copying me, instructing PayPal to restore Yomee's PayPal account.

We prefer to avoid having to move ex parte and seek immediate relief from the injunction, however, we are prepared to seek sanctions for the harm stemming from this conduct should you refuse to take corrective action or fail to do so timely.

Please confirm that you will be taking the necessary corrective actions by replying here, or you can call me directly at 626-500-7302 to discuss.

Sincerely,



**Edward Chen**
Senior Counsel | **YK LAW LLP**

资深律师┃盈科美国律师事务所
300 Spectrum Center Drive, Suite 400

Irvine, CA 92618
**D:** 949-754-2862

**WeChat ID:** edchenlaw
echen@yklaw.us | www.yklaw.us

This message is intended solely for the use of the addressee(s) and may be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at YK Law LLP and delete all copies of this email message along with all attachments. Thank you.

Linked In | Twitter | Facebook | Instagram

--

Daliah Saper

312.527.4100

www.saperlaw.com

**\*\*Get to know Saper Law**

**\*\*Book Daliah Saper**

--
Daliah Saper
312.527.4100
www.saperlaw.com

**\*\*Get to know Saper Law**

**[Book Daliah Saper](#)**



**Saper Law Offices, LLC**
505 N. LaSalle Suite 350
Chicago, Illinois 60654
Tel: 312.527.4100
Fax: 312.527.5020
ds@saperlaw.com
www.saperlaw.com

December 9, 2020

Edward Chen
YK Law
300 Spectrum Center Drive, Suite 400
Irvine, CA 92618

**Re:** *Viahart LLC v. Suzhou Everich Imp. & Exp. Co., Ltd.*, *et al.* **No. 20-cv-5651 (TMD)(MV)(N.D. Ill.)**

Dear Edward,

I write in response to your November 25, 2020, correspondence concerning the above-referenced action. I address each of the matters raised in your correspondence in turn.

***Communication between the Parties.*** Contrary to the implication in your letter, it is not a violation of any applicable rule for one party to a litigation to contact the opposing party. Indeed, if the Parties are able to reach a resolution while avoiding the need to expend resources on counsel, this is ideal for both Parties.

***More Than Reasonable Investigation Was Conducted Prior to Filing this Action***. As an initial matter, the fact that Norton's last name is indicated to be "Zhang" reflects mere inadvertence that can be readily addressed. Viahart intends to amend the Complaint to correct this so that Norton's last name is changed to "Gu."

With regard to the relationship between the entities, upon information and belief, Norton owns multiple businesses. One such business is Yomee. It is correct that Yomee once manufactured GOODMINTON for Viahart. It is precisely because of this business relationship that Norton had access to the specifications and other production information for Viahart's GOODMINTON product. This access put Norton in a prime position to misappropriate Viahart's intellectual property and pass off products substantially similar to GOODMINTON as its own.

On information and belief, Norton made these sales through a different company that he also owns. That company is the other named defendant, Suzhou Everich Imp. & Exp. Co., Ltd., doing business

as Everich Toys. According to USPTO records, Suzhou Everich holds a U.S. trademark registration for Everich Toys. (*See* U.S. Trademark Registration No. 4,252,728.)

In October of 2019, Norton personally communicated to Mr. Hart that Suzhou Everich was his company and represented to Mr. Hart that Everich Toys, the Amazon Store selling the accused products at issue in this action was "his store." Additionally, Mr. Hart observed Norton at Suzhou Everich's booth at Canton Fair. *See https://extm.cantonfair.org.cn/en/exhibitor/4ab00000-005f-5254-b190-08d7ed782766* (web page reflecting Suzhou Everich's participation in Canton Fair). Norton's LinkedIn profile indicates that Norton holds the position of Sales Manager at Suzhou Everich. (*See https://www.linkedin.com/in/gu-norton-a4939256/.*)

After obtaining a Temporary Restraining Order in the above-referenced litigation against both Suzhou Everich and Norton in his individual capacity, Amazon informed us that the email address babefairy@yomee.com was linked to the accused Amazon account. Yomee's corporate information was not included as the owner. Only Mr. Gu's name was listed. Accordingly, in addition to restraining the babefairy@yomme.com PayPal accoumt, Norton's other emails accounts, that he used to email Mr. Hart, were also subsequently restrained. These emails all bear the "yomee" domain: sales@yomee.com*;* norton@yomee.com*;* and sales7@yomee.com*,*.

Based on the considerations discussed above, short of conducting formal discovery to determine the precise, technical, relationship between all of the different entities, we believe that we have named the correct defendants. Viahart will amend its Complaint to add additional defendants as appropriate to the extent that information obtained in the future so warrants.

Thus, contrary to the baseless contentions in your letter, more than reasonable investigation was conducted prior to initiation of this action and it appears by all accounts that the correct parties were named as defendants.

***The Court has ordered that electronic service is permitted in this action.*** The Court has expressly ordered that service through electronic means is permitted in this action. (Dkt. 20.) The Court permitted electronic service of process in this case because (1) the Defendants and their offshore Internet Stores provide incomplete and/or false names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) the Defendants rely primarily on electronic communications to communicate with their customers and third party service providers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action.

Further, I take this opportunity to highlight your and your clients' efforts to evade this action. For example, you note that your firm is not authorized to accept service of process on behalf of Yomee. Yet, you purport to serve as their litigation counsel, respond to the substantive allegations set forth

in the Complaint, and send us a letter pursuant to Rule 11. These contradictory positions reflect the evident gamesmanship on your and your clients' parts.

Further, please advise whether your law firm represents Suzhou Everich or only Yomee and Norton.

***Viahart has more than adequately alleged facts sufficient to confer personal jurisdiction over Defendants***. You take the position in your letter that Viahart's Complaint lacks allegations supporting the exercise of personal jurisdiction. This is incorrect. Viahart's Complaint alleges facts supporting specific personal jurisdiction. For example, Paragraph 21 of Viahart's Complaint reads as follows:

> 21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly target business activities toward Illinois consumers through their operation of fully interactive, commercial Internet store operating on Amazon.com, which offers for sale and sells infringing products to Illinois residents and publishes infringing text and photographs accessed by Illinois residents. Specifically, both Defendants are involved in the production, listing for sale, sale, and/or shipping of products to Illinois residents that use infringing copies of Plaintiff's trade dress, trademark, and copyrights. Both Defendants have committed and knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

(*See also* Dkt. 1 ¶¶ 14-15, 22.) Defendants' sales through Amazon are precisely the sorts of sales giving rise to this action and providing for specific personal jurisdiction over Defendants here. Having employees present in the forum state is not required for the exercise of specific jurisdiction.

Additionally, your statement that "such allegations would be completely fictional, since Defendants are Chinese entities or individuals and do not have any employees, office locations, or any other presence in the forum state" reflects a lack of fundamental understanding of basic U.S. law. Such factors relate to general personal jurisdiction. Here, Defendants are subject to specific personal jurisdiction in Illinois because this action arises out of your clients' contacts with Illinois. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

Further, venue is proper in the Norther District of Illinois. In an action against a foreign defendant, venue is proper in any judicial district in the U.S. *Deering Precision Instruments, LLC v. Vector Distribution Sys., Inc.*, No. 01 C 1118, 2001 WL 910413, at *3 (N.D. Ill. Aug. 10, 2001).

***Plaintiff's "failure to state a claim" arguments are baseless***. Viahart's trademark infringement and counterfeiting claim (Count I) is more than adequately pled. Contrary to your assertions, Viahart's trade dress for its GOODMINTON products is distinctive. Such distinctive trade dress includes, without limitation, bright-color orange and light-color blue for the paddles, white letters for the brand name on the top middle of the paddle, and the distinctive coloring, shape, and size of the birdies. This trade dress serves to identify Viahart as the source of the GOODMINTON products. Not only is the GOODMINTON trade dress inherently distinctive, but it has acquired distinctiveness as well. Viahart's extensive promotion and sale of its GOODMINTON products has resulted in consumers associating the trade dress of such products with Viahart.

You further argue that the fact that Viahart utilizes third-party manufacturers to make its GOODMINTON products somehow diminishes Viahart's counterfeiting/trademark infringement claims. This argument is legally flawed. Counterfeiting, trademark infringement, and trade dress infringement claims are concerned with unauthorized use of trademarks/trade dress. That Viahart uses third-party manufacturers to make their physical products is irrelevant to these claims. In the same vein, the fact that Defendants and/or other affiliated entities have manufactured products bearing Viahart's intellectual property does not function as a license for Defendants to use such intellectual property for other purposes. The activity complained of in this action is unauthorized and, therefore, violative of Viahart's intellectual property rights.

Additionally, as discussed, the fact that Yomee has manufactured GOODMINTON products for Viahart previously supports that Norton had access to information regarding Viahart's products and an opportunity to misappropriate proprietary aspects of those products. This all supports a determination that Norton did in fact make and sell unauthorized versions of the GOODMINTON products. Norton was able to do so precisely because of its role as manufacturer of such products.

With respect to Viahart's copyright infringement claim (Count IV), you comment that "the alleged infringing product was listed and up for sale on the Everich Amazon storefront on March 23, 2020 – nearly two months before Viahart's copyright registration." This is, again, legally irrelevant. The only thing that matters is that Viahart owns the copyright in the asserted works. While the timing of when one obtained a copyright registration may impact the scope of potential remedies available, it does not impact copyright ownership.

***Amendment of Viahart's Complaint would not be futile***. Lastly, you argue that amendment of the Complaint in this action would be futile. This argument, as with each of the arguments set forth in your letter, fails. The only amendment that may potentially be necessary would be to add Yomee as a named defendant; but only if and when formal discovery reveals that this is warranted.

Lastly, contrary to your assertion, without basis in fact or law, that Viahart is engaged in anti-competitive conduct, it is Defendants who are acting improperly. Norton and Suzhou Everich are

unlawfully attempting to trade off of the marketplace goodwill that Viahart has established. Further, be advised that asserting baseless threats to move for sanctions is itself sanctionable conduct. *See, e.g., Smith v. Psychiatric Sols., Inc*., 750 F.3d 1253, 1261 (11th Cir. 2014).

**If we do not receive a firm indication within the next two days as to whether Norton and Suzhou Everich intend to defend this action, Viahart will move for entry of default and for entry of a default judgment against Defendants and Defendants' affiliates**.

Best,
/s/Daliah Saper

# Exhibit E

Case: 1:30-cv-05651 Document #: 49-3 Filed: 03/24/21 Page 61 of 79 PageID #:562

# Starting a Physical Product Company? You're Gonna Need a Lawyer.



**Molson Hart**  [Follow]
Oct 18 · 7 min read

My name is Molson Hart. I'm the CEO of a consumer products company I founded 10 years ago, called Viahart. We design and distribute toys and other physical products. In 2019, we did $4.5 million in sales and in 2020 we should do $8 million. I am not a lawyer, but our products have been so frequently copied that I've become an expert on protecting companies from copycats.

In this short article, I will tell you three things:

1. What it's like to have a hit product

2. How to protect your hit product

3. How to pursue your copycats





Brain Flakes® Interlocking Disc Set — Our second hit product and our current best seller! Our mission is to enable the world's next generation of engineers through confidence building and spatial learning.

## What it's like to have a hit product

When you launch a new product, you will know almost instantly whether it's a hit. Something just "clicks" with consumers. We first launched Brain Flakes® in September 2014, and I remember just a few days later seeing that we had sold out on Amazon. I had never seen anything like that before and thought it was some sort of fluke. It wasn't. Sales went like gangbusters immediately.

Within a year, we had our first copycats. Within two years, we had 100s of companies knocking off our product. This is typical. Success attracts all sorts of different types of companies copying your brand, designs, and product. We had small businesses in the US doing it, Chinese in China, large American businesses whose business model focuses on copying, and even our own suppliers in China all trying to get in on Brain Flakes®. This is par for the course for any hot new product.

Depending on how good your copycats are, they will steal your sales and chip away at your market share. From July through September of this year, 73% of searches for "Brain Flakes" on Amazon resulted in a sale for our company, but 16% went to "Creative Flakes" by Creative Kids, a company we have sued.



Case: 1:20-cv-05651 Document #: 49-3 Filed: 03/24/21 Page 63 of 79 PageID #:564



Our company received a Better Business Bureau complaint from a confused consumer for this product, even though we don't make it.

## How to protect your hit product

If you are successful, you will be copied and the copies will take your sales. You need a way to prevent this and that is "intellectual property" or "IP". This is a catch all term for an exclusive license from the government to sell something you created. There are three main types:

1. Trademarks. You can trademark a brand name like "Nike", a logo (like the Nike® Swoosh), a sound (like the <u>NBC chimes</u>), or even the look of your packaging (like a bottle of Coca-cola or Maker's Mark). They cost around $1,400 to file, including the advice of an attorney. I made the mistake of launching a brand that was too similar to another company's and we had to rebrand our product line after 4 years of making a name for ourselves. Don't repeat my mistake.

2. Patents. There are two types of patents, utility patents and design patents. Utility patents are granted for functional designs, i.e. a new fork which makes it easier to eat spaghetti. Design patents are granted for superficial designs, i.e. a new fork which has stars embedded on the handle. Utility patents cost around $6,000 including legal fees and drawings. Design patents are around $1,500 all-in. Since utility patents are expensive, before paying for attorney, file a provisional patent application yourself ($150) before revealing your product. That will give you 12 months to explore whether or not your product is viable. If it is, get an attorney before the 12 months expire.

3. Copyrights. In the physical product world, you can file a copyright for advertising copy, your packaging art, or even your e-commerce photos. They cost $65 to file with the US Copyright Office and you do not need an attorney to do it. Be sure to read a few how-to's before attempting it yourself though.

Note that in the above fee estimates, I gave you total prices. You do not need to pay your attorneys hourly. I recommend against it. Have them quote you a guaranteed maximum price.



Goodminton® — The World's Easiest Racquet Game™. Improving the hand-eye coordination of children while bringing friends and families together!

Let's look at the above example. We **trademarked** the brand name Goodminton®. It registered so it gets a cool little ® after the brand. We laid claim to the slogan "The World's Easiest Racquet Game" by writing ™ at the end of it. We can register this trademark later. We could apply for a **utility patent** on the special rotate-as-they-spin birdies. We could apply for a **design patent** for the shape of our paddles. Finally, we could **copyright** the image you see above or even the text we use to describe the product.

Case: 1:20-cv-05651 Document #: 49-3 Filed: 03/24/21 Page 65 of 79 PageID #:566

If you succeed in registering any of the above intellectual property (IP), you will have the right to report it as infringing to e-commerce marketplaces such as Amazon (which may take it down), and you will be entitled to damages from your copycats for sales which occurred after the registration. If a court finds that the copying was intentional, they may triple your damages award.

## How to pursue your copycats

No matter how great of a job you do protecting your product, if it's successful in the market, people are going to copy you. Sometimes they will design around your IP, oftentimes they won't. Unfortunately, there is no one-size fits all strategy for pursuing your copycats. It depends on where they're based, where you're based, how they copied you and so on, but I can still give you some general tips:

1. If you can solve your problem without a lawyer, do it. If you're worried about putting your foot in your mouth, have a lawyer advise you, but it's not necessary that they draft and deliver a cease and desist. You can do it, too. One of the best ways to resolve a legal dispute is via a phone call with the other side's decision maker with the lawyers out of the room. Keep your cool and give it a try.

2. If you can solve your problem without a lawsuit, do it. Lawsuits are expensive, stressful, and time consuming. My company has many times spent $30,000 in legal bills to recover $20,000 from a copycat.

3. If you need a lawyer and to file a lawsuit, try to get one on contingency. Contingency means that, instead of earning money by the hour, the attorney gets a portion of the money you recover. They'll care more and your incentives will be better aligned.

## Do you have what it takes?

Without IP, you will not make money. Bigger companies with lower costs and worse ethics will happily steal your customers and your sales. And if you don't enforce that IP, it will become worthless. Those who copy your products can argue that you knew that they were copying and did nothing about it and that you are therefore not entitled to compensation.

Business is not for the faint of heart. We've had current and former employees and suppliers copy our products. We've had chain retailers request free samples only to later roll out with a knockoff under their own brand. We have had multiple companies, copy us, get sued, settle, and then, believe it or not, do it again. We've received Better Business Bureau complaints for other companies' products because consumers are confused. I spend about 25% of my time on legal disputes, instead of building new

10/24/2020
Case: 1:30-cv-05651 Document #: 49-3 Filed: 03/24/21 Page 66 of 79 PageID #:567
Starting a Physical Product Company? You're Gonna Need a Lawyer | by Molson Hart | The Startup | Medium

products or improving our operations. That is the price of admission to the world of physical products.

If you have questions, send me a tweet @Molson_Hart and in the meantime, don't buy any PicassoTiles® products 🔎. They one by one, used the instructions on our website brainflakes.com to copy our designs for use in their knockoff product.

See for yourself. PicassoTiles® — integrity not included.









**PicassoTiles Building Flakes 800 Pieces Interlocking Construction Blocks with 10 Wheels Creative Disc STEM Block Toy Set Learning Toys for Early Child Brain Development Kids Boys Girls Age 3 and Up**

Brand: PicassoTiles

★★★★☆ 7 ratings

Price: $19.99 ✓prime & FREE Returns

Coupon ✓ 15% extra savings coupon applied at checkout. Details

$ Best price    S+

Get $125 off: Pay $0.00 upon approval on the Amazon Business Prime Card. Terms apply.

- IDEABOOK and 10 WHEELS - Comes with 10 wheels and idea book design guide instructions for building everything from basic shape to advanced and complex masterpieces. This STEAM toy offers countless possibilities for imaginative play and helps foster creativity. Create a tree, octopus, car, airplane, boat, flower and more from the building block flake toys! Compatible with other PicassoTiles Interlocking Flakes sets, simply add another set for larger structures and open-ended combinations.
- 3D CONSTRUCTION BUILDING SET - A fun alternative to building blocks, the interlocking flakes click together simply and easily for children as young as 3, while still being an entertaining toy puzzle for preschoolers and grade school kids, and even a fun brain activity for adults. The color vibrant 800 interconnecting discs contain 10 Wheels and 12 color assortments including red,...

$19.99
✓prime & FREE Returns ▾
FREE delivery: **Wednesday, Oct 21**
Order within 2 hrs and 41 mins
Details

Only 14 left in stock - order soon.

Qty: 1 ▾

[ Add to Cart ]
[ Buy Now ]

🔒 Secure transaction

Ships from    Amazon
Sold by       KickBOT

☐ Add gift options

Deliver to Molson - Austin 78750

[ Add to List ]

Share ☐ f 💬 ❤ 🅿

Have one to sell?
[ Sell on Amazon ]



**VIAHART Brain Flakes Building Kit with Detailed Step by Step Instructions! | 580+ PCS to Build All 3 Vehicles! | Wheel Pieces & Special Parts are Included! | Ages 7+**

Visit the VIAHART Store

★★★★☆ 47 ratings

Currently unavailable.
We don't know when or if this item will be back in stock.

- Each kit comes with 580+ color-sorted pieces, so you don't have to worry about choosing which vehicle to build, because there are plenty of flakes to build out all three vehicles at once and still have pieces to spare!
- Instructions are included in every kit to guide Brainginears on how to assemble the helicopter, fire truck, and racecar! | Discs click together easily | For Ages 7+ | Discs measure 1.5 inches (3.5cm) across.
- Child Safe | Tested for compliance with ASTM F963-11 US CPSIA Regulations | Brain Flakes discs are BPA, lead, heavy metal, and phthalate free.
- SIZE AND WEIGHT | Product Measures 8.5 x 8 x 4 in inches | 27.59 x 20.32 x 10.16 in centimeters | Product Weighs Approximately 2.65 lbs / 1.2 kgs
- GUARANTEE | 90 day warranty for all manufacturer's defects | 30 day no questions asked return policy for all other issues | If there is an issue with your order, please send a photo of the issue by text or email and we'll refund you without the hassle of a return.









**PicassoTiles Building Flakes 800 Pieces Interlocking Construction Blocks with 10 Wheels Creative Disc STEM Block Toy Set Learning Toys for Early Child Brain Development Kids Boys Girls Age 3 and Up**

Brand: PicassoTiles

★★★★☆ 7 ratings

Price: $19.99 ✓prime & FREE Returns

Coupon ✓ 15% extra savings coupon applied at checkout. Details

$ Best price    S+

Get $125 off: Pay $0.00 upon approval on the Amazon Business Prime Card. Terms apply.

- IDEABOOK and 10 WHEELS - Comes with 10 wheels and idea book design guide instructions for building everything from basic shape to advanced and complex masterpieces. This STEAM toy offers countless possibilities for imaginative play and helps foster creativity. Create a tree, octopus, car, airplane, boat, flower and more from the building block flake toys! Compatible with other PicassoTiles Interlocking Flakes sets, simply add another set for larger structures and open-ended combinations.
- 3D CONSTRUCTION BUILDING SET - A fun alternative to building blocks, the interlocking flakes click together simply and easily for children as young as 3, while still being an entertaining toy puzzle for preschoolers and grade school kids, and even a fun brain activity for adults. The color vibrant 800 interconnecting discs contain 10 Wheels and 12 color assortments including red, orange, yellow, green, lime, light blue, dark blue, purple, black, brown and white for most versatile structure

$19.99
✓prime & FREE Returns ▾
FREE delivery: **Wednesday, Oct 21**
Order within 2 hrs and 41 mins
Details

Only 14 left in stock - order soon.

Qty: 1 ▾

[ Add to Cart ]
[ Buy Now ]

🔒 Secure transaction

Ships from    Amazon
Sold by       KickBOT

☐ Add gift options

Deliver to Molson - Austin 78750

[ Add to List ]

Share ☐ f 💬 ❤ 🅿

Have one to sell?
[ Sell on Amazon ]

Roll over image to zoom in



**VIAHART Brain Flakes 500 Piece Interlocking Plastic Disc Set | A Creative and Educational Alternative to Building Blocks | Tested for Children's Safety | A Great STEM Toy for Both Boys and Girls!**

$16.99
✓prime FREE One-Day
& FREE Returns ▾
FREE delivery: **Tomorrow**
Order within 1 hr and 10 mins

Case: 1:20-cv-05651 Document #: 49-3 Filed: 03/24/21 by regenered 3/24/21 by Cognered all of The strange Document 2020 Medium





Case: 1:20-cv-05651 Document #: 49-3 Filed: 03/24/21 Page 69 of 79 PageID #:570

























Case: 1:20-cv-05651 Document #: 49-3 Filed: 03/24/21 Page 74 of 79 PageID #:575



Startup   Business   Intellectual Property   Law   Amazon

# Medium

About   Help   Legal

Get the Medium app

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VIAHART LLC, | Case No.: 5:20-cv-05651 |
| | Hon. Thomas M. Durkin |
| Plaintiff, | Mag. Judge Maria Valdez |
| | |
| v. | |
| | |
| SUZHOU EVERICH IMP. & EXP. CO., LTD., d/b/a/ EVERICH, a Chinese company, and NORTON ZHANG, | |
| | |
| Defendants. | Action Filed: September 23, 2020 |

**DECLARATION OF ZHENHUAN "NORTON" GU IN SUPPORT OF DEFENDANTS'**
**MOTION FOR RULE 11 SANCTIONS**

I, Zhenhuan "Norton" Gu, declare as follows:

1.      I make this declaration in support of Defendants' Motion for Rule 11 Sanctions.  I am a citizen and resident of the People's Republic of China, and I am the Executive Director of Yomee.  Yomee is a Chinese company and is currently valid and existing under the laws of the People's Republic of China.  I am familiar with the day-to-day operations of the company and have personal knowledge of the facts set forth herein, and if called upon to testify, I would and could testify competently thereto via video or tele-conference with permission from the Court.

2.      I met CEO of Plaintiff Viahart LLC, Mr. Mike Molson Hart, in or around October of 2019 during an annual toy convention and fair in Guangzhou, China.  Aside from having previously met in person, I have also done business with Mr. Hart and Plaintiff.  My company Yomee manufactures and sells toy products to purchasers, like Mr. Hart, that include the purchaser's trademarks or similar branding.

1

3.     Yomee and I have never engaged in the sale of any counterfeited goods or products. The Everich Toy Amazon Store sells "EVERICH" branded toy paddles and other "EVERICH" branded and trademarked toy products.

4.     Yomee does not sell products with the "GOODMINTON" trademark and has never sold any products bearing said marks except to Plaintiff only.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed Suqian City, Jiangsu Province, Peoples Republic of China, on this 12th day of March, 2021.


*/s/ Zhenhuan "Norton" Gu*
Zhenhuan "Norton" Gu

# Exhibit A

## Ed Chen

| | |
|---|---|
| **From:** | 顾振环 <norton@yomeetoys.com> |
| **Sent:** | Thursday, October 22, 2020 6:46 PM |
| **To:** | Henry Li; Edward Chen |
| **Subject:** | Fw: VIAHART, LLC, v. Suzhou Everich Imp. & Exp. Co., Ltd., d/b/a Everich, a Chinese company, and Norton Zhang, Case No. 1:20-05651 |
| **Attachments:** | 20-cv-5651 Complaint 9.23.20.pdf; 20-cv-5651 TRO 9.25.20.pdf; 20-cv-5651 Summons 10.9.20.pdf |

这个是第一封发到我们店铺邮箱的邮件，日期是10月14日

--------- Forwarded Message ---------

From：亚马逊悠米店黄金金 <babefairy@yomeetoys.com>

Date：10/14/2020 07:35

To：顾振环 <norton@yomeetoys.com>

Subject：Fw: VIAHART, LLC, v. Suzhou Everich Imp. & Exp. Co., Ltd., d/b/a Everich, a Chinese company, and Norton Zhang, Case No. 1:20-05651

### 亚马逊悠米店黄金金

邮箱：babefairy@yomeetoys.com

签名由 网易邮箱大师 定制

--------- Forwarded mail ---------

From: Saper Law Attorney Saper

Date: 10/14/2020 05:20

To: babefairy@yomeetoys.com

Subject: VIAHART, LLC, v. Suzhou Everich Imp. & Exp. Co., Ltd., d/b/a Everich, a Chinese company, and Norton Zhang, Case No. 1:20-05651

Dear Sirs:

The Defendants listed in the Complaint are hereby advised:

Plaintiff has charged Defendants with violations of United States federal and state laws prohibiting trademark infringement and counterfeiting. A copy of the Complaint,

1

TRO, and Summons is attached.

These and other legal documents may be obtained from Plaintiff's attorney, Saper Law Offices, LLC, attorneys [at] saperlaw.com, and at the following website: **VIAHART, LLC, v. Suzhou Everich Imp. & Exp. Co., Ltd., d/b/a Everich, a Chinese company, and Norton Zhang, Case No. 1:20-05651** https://saperlaw.com/goodminton/

Any answer or other response to the Complaint should be filed with the Clerk of the Court, United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois within twenty-one (21) days from the day you receive the summons. If no appearance or pleading is filed, the Court may render a judgment against the defendants.

If you do not wish to litigate this matter in court, we can still offer you a settlement for you to get your account back and the case dismissed against you.

Sincerely,

**Attorneys for VIAHART, LLC**
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, IL 60654
T: 312.527.4100