UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIAHART LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 C 5651 |
| | ) | |
| SUZHOU EVERICH IMP. & EXP. CO., LTD., d/b/a EVERICH, a Chinese Company, and NORTON ZHANG, | ) ) ) | Judge Thomas M. Durkin |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Viahart LLC ("Viahart") filed this action against Suzhou Everich Imp. & Exp. Co., LTD ("Everich") and Norton Zhang ("Zhang") (Everich and Zhang together, the "Named Defendants") alleging trademark and copyright infringement, counterfeiting, and false designation of origin under the Lanham Act and Illinois law in connection with the sale of badminton paddles through Amazon storefront Everich Toy. After default judgment was entered against the Named Defendants, Yomee Toys Co. Ltd. ("Yomee") and its executive director Norton Gu ("Gu") (Yomee and Gu together, the "Intervenor Defendants") jointly moved to set that judgment aside. R. 49. Separately and thereafter, Everich also moved to set aside the default judgment. R. 55. For the following reasons, both the Intervenor Defendants' and Everich's motion are denied.

**Background**

Viahart alleges that the Named Defendants advertised and sold badminton paddles that infringed upon Viahart's trade dress and trademarks through Amazon store Everich Toy, and that they used Viahart's copyrighted images and text. R. 1. The Court entered a temporary restraining order and authorized electronic service pursuant to Rule 4(f)(3) shortly after the lawsuit was filed. R. 10; R. 21. The Named Defendants failed to appear at the hearing on Viahart's motion for preliminary injunction, so the Court entered the injunction against them. R. 28. Viahart subsequently moved for default and default judgment. R. 29; R. 33. But only Viahart appeared at the hearings on those motions, which were granted and resulted in statutory damage awards of $450,000 and $150,000, for willful trademark counterfeiting and copyright infringement (respectively). R. 39 at 4.

Approximately three weeks after default judgment was entered, attorney Edward Chen filed an appearance on behalf of Intervenor Defendants Yomee and its executive director Gu and moved on behalf of both to set the default judgment aside.[1] The motion explained that Yomee, not Everich, owned the Amazon storefront in question, and that although the Intervenor Defendants had been served in the lawsuit via email and Yomee's accounts had been frozen because of it, they had not been named as defendants, and in any case service was improper. R. 41; R. 42; R. 43; R. 49. The Intervenor Defendants explained that they contacted Viahart through

---

[1] The Intervenor Defendants also moved for Rule 11 sanctions. R. 44; R. 49-3. But the Court denied that motion for the reasons explained at the May 27, 2021 hearing. R. 65.

counsel immediately after the injunction was entered to clear up the confusion, and although Viahart indicated that it had mistakenly named "Norton Zhang" instead of "Norton Gu" and would amend its complaint to correct the issue, it did not.

A month after the Intervenor Defendants filed their motion, Chen filed an appearance on behalf of Everich. Everich then filed its own motion to set the default judgment aside, arguing that it had never been served and did not even learn about the lawsuit until weeks after judgment was entered, was not responsible for the Everich Toy storefront, and was not a proper defendant. R. 55.

The Court held a hearing on both the Intervenor and Named Defendants' motions once fully briefed. During the hearing, Chen explained that Everich was the registered owner of the Everich Toy mark and that the Intervenor Defendants had a license to use that mark (including on the toy paddle at issue), but that was "the extent of [Everich and the Intervenor Defendants'] relationship." However, counsel for Viahart pointed out that not only was the brand name on the paddles "Everich," but also the Amazon storefront was called "Everich" and a LinkedIn account bearing Gu's name indicated that he was employed with Everich as a sales manager.

With few questions answered clearly and more questions raised, the Court concluded the hearing, explaining that it was troubled that the Intervenor Defendants had been aware of the lawsuit for months and yet did not file an appearance or otherwise attempt to clear up the confusion regarding the identity of the proper defendants with the Court, or even appear to contest the entries of default and default judgment. The Court took the motions under advisement.

Subsequently, the Court ordered Gu and Everich to submit declarations: (1) clarifying whether and if so when Gu and Yomee were ever affiliated or associated with Everich; (2) explaining why the LinkedIn account bearing Gu's name indicated that Gu worked for Everich when Chen said he did not; and (3) stating when and how Everich first became aware of this lawsuit. R. 66. In response, Gu submitted a declaration stating among other things that: (1) Yomee and Everich were not affiliated or associated in any way; (2) Gu had been employed with Everich in a sales position beginning in 2005 but left in 2009 to start Yomee; and (3) the LinkedIn account identified was his, but he did not actively maintain it, and had not logged in since 2009. R. 67. Gu also stated that he notified Everich of this lawsuit 47 days after default judgment was entered. *Id.* The declaration by Everich director and vice president Yonsheng Ju was in accord with Gu's and also explained that Everich retained Chen to represent it in this case the day Gu told Everich about it. R. 68.

But the confusion was not resolved with these declarations, because Viahart then filed its own through founder and CEO Molson Hart disputing certain of the representations made by Gu and Everich. That declaration attached email correspondence from a person named "Alice" with a "yomeetoys.com" email domain but a "Suzhou Everich Imp. & Exp. Co., Ltd." signature block. R. 69. Hart stated that: he met "Alice" along with Gu at a factory in China in late 2013 "to discuss potentially purchasing our products from them and their factory;" he saw Gu at a convention over the course of several years and each time Gu was displaying products under Everich's banner; Yomee's Alibaba website includes a picture of a convention booth

featuring the paddle products and Everich Toy logo; and Chinese business records reflect that Gu was responsible for one of Everich's branches from 2007 through 2018 (attaching those records). *Id.* Hart also stated that properly translated, Gu's and Everich's declarations indicate that Everich and Yomee did not have an "equity" relationship, not that there was no relationship at all and had never been as the English version of those declarations represent. *Id.*

Pursuant to the Court's order, Gu and Everich then filed additional declarations in response, indicating that: (1) Everich and Yomee had always been separate companies, and Gu, Yomee, and Everich merely enjoyed a "business relationship" and were not "affiliated or associated" under Chinese law; (2) "Alice" was employed by Yomee, not Everich, and her signature block bore Everich's name only because Yomee was licensed to use Everich's trademark; and (3) similarly, Yomee used Everich's name at the convention in its capacity as a licensee. R. 71. The declarations also disclosed for the first time that in addition to being employed by Everich from 2005 through 2009, Gu was formally designated the "Responsible Person" for an Everich branch from 2007-2018. *Id.*

## Standard

Relief from a judgment under Rule 60(b) is "an extraordinary remedy" and is granted only under "exceptional circumstances." *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). Nevertheless, a district court generally has "considerable latitude" in ruling on such motions, which the Seventh Circuit has characterized as

5

"discretion piled on discretion." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (citing *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

The motions at issue were filed under Rule 60(b)(1), (3) and (4). Rule 60(b)(1) permits relief from a judgment entered due to "mistake, inadvertence, surprise, or excusable neglect," *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004), while Rule 60(b)(3) affords relief from a judgment obtained through an opposing party's "fraud[,] . . . misrepresentation, or misconduct." Finally, Rule 60(b)(4) permits relief from a void judgment, such as a judgment entered by a court lacking personal jurisdiction over a defendant because the defendant was not served properly (or at all). Fed. R. Civ. P. 60(b)(4); *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005).

## Analysis

### I. Everich

Everich argues that the judgment should be vacated as to it because it is not a proper party and was never served, and because it is not associated or affiliated with Yomee under Chinese law. But the Court would require expert opinions on Chinese law to credit this last statement. And there is plenty of evidence to the contrary, including: (1) the fact that Everich admits that it has a business relationship with Yomee; (2) the fact that the Amazon storefront at issue bears Everich's name; (3) the emails from "Alice" at a Yomee email domain but which otherwise appear to come from Everich; (4) Gu's late disclosure of his continued role with Everich after 2009; and (5) the fact that Chen represents both entities (and Gu). That same evidence suggests that Everich *is* a proper party, and also affirms that Everich has not met its

burden to prove the judgment is void for Viahart's failure to serve it. Accordingly, Everich's motion is denied. *See Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986) ("the defendant must . . . shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment [R]ule 60(b)(4) motion"). The Court notes that to the extent Everich maintains that its relationship with the Intervenor Defendants is insufficient to impose liability upon it in this lawsuit, Everich may have a cause of action against the Intervenor Defendants. But any such cause of action should be brought in a separate lawsuit against Yomee and/or Gu (and it would be advisable for Everich to obtain separate counsel first).

## II. The Intervenor Defendants

The Intervenor Defendants contend that the default judgment should be vacated because: (1) they are the real parties in interest but were not sued; (2) they were not properly served; and (3) they have a "meritorious defense" and acted "within a reasonable period of time" to correct the default judgment, which was entered only because of their "excusable neglect" and Viahart's misrepresentations. All of these arguments fail.

It is true that the complaint named Everich, not Yomee, and Norton "Zhang," not "Gu," and yet the judgment affects Yomee's and Gu's assets. But this is not a basis to vacate the judgment, where Yomee and Gu admit that if anyone should be made to answer for Viahart's allegations, it is Yomee and Gu as the Amazon storefront's owners/operators. Further, the Intervenor Defendants seem to acknowledge that Viahart's mistake in naming "Zhang" rather than "Gu" was essentially a clerical

7

error, and that Viahart served the right Norton, but just got his name wrong. *See* R. 49-2 at 3-5.

Next, even assuming Viahart was required to serve both Gu and Yomee, service was proper. The Intervenor Defendants concede that they were served by email in accordance with this Court's order and Rule 4(f)(3). *See* R. 49-2 at 3-5. And this Court has previously rejected the service-related arguments the Intervenor Defendants now raise; that is, that a plaintiff must first attempt service under the Hague Convention before seeking alternative service under Rule 4, and that email service violates the Hague Convention and/or Chinese law. *See Hangzhou Chic Intelligent Tech. Co. v. P'ship and Unincorp. Assocs.*, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (noting that "the Federal Rules of Civil Procedure d[o] not require Plaintiffs to attempt Hague Convention service prior to seeking alternative service pursuant to Rule 4(f)(3)," and that email service does not violate the Hague Convention or Chinese law).[2] So this argument also fails.

---

[2] The Court also is not persuaded that email service was improper in this case because the Intervenor Defendants' mailing addresses are "readily accessible" on Amazon.com, or because Viahart had a business relationship with the Intervenor Defendants in the past. R. 49-2 at 7. Simply put, this is one of many online counterfeiting cases in this District in which the exigent circumstances demand swift service. *See Hangzhou*, 2018 WL 1222783, at *3 (allegations that defendants sell counterfeit products online and are located outside the United States justify email service, notwithstanding that defendants' physical addresses may have been available online); *see also Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (court-directed service under Rule 4(f)(3) appropriate when "there is a need for speed that cannot be met by following the Hague Convention methods"). And the ongoing confusion about the relationship between Yomee, Gu, and Everich only bolsters the Court's belief that email service was appropriate here.

The Intervenor Defendants' final argument implicates and fails under both Rule 60(b)(1) and (3). To obtain relief under 60(b)(1), a party must demonstrate: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs*, 688 F.3d at 890. The rule poses a "high hurdle" and demands "something more compelling than ordinary lapses of diligence or simple neglect." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). There was nothing excusable or neglectful about the Intervenor Defendants' actions here. Instead, well aware of this lawsuit and that the allegations were directed at their activities, the Intervenor Defendants took a rather active wait-and-see approach, negotiating with Viahart behind the scenes, and then complaining to the Court only after judgment was entered (and then only weeks later). The Court can fathom no "good cause" for their failure to speak up sooner and will not set the judgment aside on this basis.

Nor is relief proper under 60(b)(3); the Intervenor Defendants cannot show that Viahart prevented them from "fully and fairly" presenting their claims (let alone that Viahart engaged in fraud or misrepresentation). Fed. R. Civ. P. 60(b)(3); *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (Rule 60(b)(3) applies when a party was prevented from presenting a meritorious claim because of the adverse party's conduct). To the contrary, the most the Intervenor Defendants can offer is Viahart's representation that it would amend its complaint to reflect "Gu" instead of "Zhang." But its failure to do so did not prevent the Intervenor Defendants from speaking up. And the Court assumes that if Gu had a meritorious defense, he would have come forward sooner. Again, the Intervenor Defendants could have prevented the default

judgment here, but simply chose not to. Accordingly, their motion to set it aside is denied.

## Conclusion

For the foregoing reasons, Everich's motion to vacate the default judgment is denied, R. 55, and the Intervenor Defendants' motion to vacate the default judgment is also denied, R. 49.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: August 30, 2021